(No. 90345.—

*In re* R.A.B., a Minor (The People of the State of Illinois, Appellant, v. R.A.B., Appellee).

*Opinion filed September 20, 2001.*

James E. Ryan, Attorney General, of Springfield, and Joseph E. Birkett, State's Attorney, of Wheaton (Joel D. Bertocchi, Solicitor General, William L. Browers and Lisa A. Smith, Assistant Attorneys General, of Chicago, and Norbert J. Goetten, Martin P. Moltz and Lawrence M. Bauer, of the Office of the State's Attorneys Appellate Prosecutor, of Elgin, of counsel), for the People.

Karen L. Daniel, of Chicago, and Amanda Fuchs and Stephanie Weiner, law students, for appellee.

JUSTICE GARMAN delivered the opinion of the court:

In June 1998, the State filed a delinquency petition against respondent, R.A.B., as a delinquent minor, alleging he committed two counts of robbery. After a stipulated bench trial, the circuit court of Du Page County adjudicated respondent a violent juvenile offender and committed him to the Department of Corrections until his twenty-first birthday. On appeal, respondent argued that he did not knowingly waive his right to a jury trial under the Juvenile Court Act of 1987 (Act) (705 ILCS 405/5—36(d) (West 1996) (now 705 ILCS 405/5—820 (West 1998)) and that, because the stipulated bench trial was tantamount to an admission, he did not knowingly waive his privilege against self-incrimination. The appellate court agreed that the respondent did not knowingly

waive his right to a jury trial and reversed and remanded. 315 Ill. App. 3d 620. We granted the State's petition for leave to appeal pursuant to Supreme Court Rule 315 (177 Ill. 2d R. 315).

## BACKGROUND

On June 25, 1998, the State filed a delinquency petition pursuant to section 5—3 of the Act (705 ILCS 405/5—3 (West 1996)) against the 16-year-old respondent, charging him with two counts of robbery (720 ILCS 5/18—1(a) (West 1996)). The petition alleged that respondent committed robbery when he grabbed $90 from the hand of Nicole Lenz and took the money by use of force and by threatening the imminent use of force. The State also filed motions indicating its intent to prosecute respondent as a violent juvenile offender (705 ILCS 405/5—36 (West 1996)) and under the criminal laws as an adult (705 ILCS 405/5—4(3)(a) (West 1996)). Following a transfer hearing, the circuit court denied the State's motion to prosecute respondent as an adult. Thereafter, respondent filed two motions to suppress and a motion to dismiss the State's petition seeking adjudication as a violent juvenile offender. In November 1998, the circuit court denied the respondent's motion to dismiss and set respondent's motions to suppress for hearing on December 4, 1998.

On that date, respondent withdrew the motions to suppress and the following exchange occurred regarding the stipulated bench trial:

"MS. ZAHRIEH [respondent's attorney]: We would be stipulating that if the State put on the witnesses, that the court would find the petitions proven.

MS. ORTON [Assistant State's Attorney]: Your Honor, this is essentially a stipulated bench trial.

THE COURT: Okay, what's the difference between a stipulated bench trial and actual admission to the charge?

MS. ORTON: My understanding, your Honor, is that you, that in order to pursue an appeal regarding the court's

ruling on the minor's petition regarding the violent juvenile offender petition by the People, in order to pursue an appeal, that, in fact, minor need to only stipulate or go through a stipulated bench trial, rather than actually admit the petition.

THE COURT: Is that the manner in which you wish to proceed?

MS. ZAHRIEH: Yes, sir."

The State then presented the facts for the stipulation and the following exchange occurred:

"THE COURT: [Respondent], at this time this is a stipulated bench trial, in that this is the evidence if the case were to proceed forward the State would produce. It does appear to be sufficient beyond a reasonable doubt to sustain the two charges—three charges that have been filed.

\* \* \*

THE COURT: You do, however, have the right to have a formal hearing, where the witnesses were required to appear in the courtroom, then subject them to cross-examination.

And if you proceeded this way, however, the stipulated bench trial, these are the rights you're giving up. The only other trial there will be is what the state's attorney has just elicited, do you understand this?

MINOR RESPONDENT: Yes."

The circuit court explained the possible penalties involved in this case and the respondent stated that he understood. After these statements, the following exchange occurred:

"THE COURT: Bearing everything in mind that I have explained to you, also the possible consequences, is it your agreement to proceed this way on a stipulated bench trial, or, in fact, do you wish to have the witnesses brought into court and proceed to trial?

MINOR RESPONDENT: I'd like to admit, sir.

THE COURT: All right, this is not really in the nature of an admission. You're not admitting to the charges, but what you're doing is not contesting the State's evidence.

MINOR RESPONDENT: I don't want to go to trial.

THE COURT: You actually do not want a trial beyond what has occurred this morning, is that right?

MINOR RESPONDENT: Yes.

THE COURT: All right. You're making that decision of your own free will?

MINOR RESPONDENT: Yes.

THE COURT: Okay, on that basis then I'm going to concur and proceed this morning as a stipulated bench trial. And will then indicate that my findings are the evidence submitted by the state's attorney is sufficient beyond a reasonable doubt to sustain *** the charge of robbery as alleged in case number 98 JD 701. The minor accordingly is found delinquent ***."

At the December 16, 1998 dispositional hearing, the circuit court committed the respondent to the Department of Corrections until his twenty-first birthday. Respondent filed a motion to reconsider his adjudication as a violent juvenile offender, which the circuit court denied.

The appellate court reversed, holding that respondent did not expressly and understandingly waive his right to a jury trial. 315 Ill. App. 3d at 624. In remanding for a new trial, the appellate court stated that there was no written jury waiver in the record and the transcripts of the proceedings were devoid of any mention of respondent's right to a trial by jury. 315 Ill. App. 3d at 624.

## ANALYSIS

The issue in this case involves whether respondent knowingly waived his right to a jury trial under the Act. Since the facts are not questioned, the issue is a question of law. Accordingly, our review is *de novo*. *Woods v. Cole*, 181 Ill. 2d 512, 516 (1998). We note that respondent raised this issue for the first time in the appellate court. Ordinarily, errors not objected to during trial or raised in the post-trial motion are considered waived. Under Supreme Court Rule 615(a), we will review plain errors

affecting substantial rights, even if those errors were not objected to during trial or presented in a post-trial motion. See 134 Ill. 2d R. 615(a). We will invoke the plain error rule in two limited circumstances: "(1) where the evidence is closely balanced; or (2) when the errors are of such magnitude that defendant was denied a fair and impartial trial and remedying the error is necessary to preserve the integrity of the judicial process." *People v. Nieves*, 192 Ill. 2d 487, 502-03 (2000). As this case deals with the knowing waiver of the fundamental right to a jury trial, we will consider this issue under the plain error doctrine. *People v. Smith*, 106 Ill. 2d 327, 333 (1985); *People v. Taylor*, 291 Ill. App. 3d 18, 20-21 (1997).

Section 5—36(d) of the Act provides that when the State seeks to adjudicate a minor a violent juvenile offender under the Act, a "[t]rial on the petition shall be by jury unless the minor demands, in open court and with advice of counsel, a trial by the court without a jury." 705 ILCS 405/5—36(d) (West 1996). We note that, in a similar fashion, defendants in criminal cases are generally entitled to a trial by jury unless "understandingly waived by defendant in open court." 725 ILCS 5/103—6 (West 1998). Also, in criminal cases, jury waivers are required to be in writing. 725 ILCS 5/115—1 (West 1998). The Juvenile Court Act, however, does not have a similar provision requiring a written waiver. This court has recently noted that "virtually all of the constitutional requirements of a criminal trial have been introduced into juvenile delinquency proceedings *** includ[ing] the right to adequate notice of charges, the right to counsel, the right to remain silent, and the right to confront and cross-examine witnesses." *In re A.G.*, 195 Ill. 2d 313, 318 (2001). The right to a trial by jury, however, is not an absolute right in juvenile proceedings (*McKeiver v. Pennsylvania*, 403 U.S. 528, 29 L. Ed. 2d 647, 91 S. Ct. 1976 (1971); *People ex rel. Carey v.*

*Chrastka*, 83 Ill. 2d 67 (1980)), but rather is only available in a limited number of situations under the Act (see *In re G.O.*, 191 Ill. 2d 37, 42 (2000) (the Act grants a jury trial to habitual and violent juvenile offenders, but it does not grant such a right to juveniles charged with first degree murder); 705 ILCS 405/5—35(d), 5—36(d) (West 1996)).

To be a valid jury waiver, it must be knowingly and understandingly made. *Smith*, 106 Ill. 2d at 334. A determination of whether a jury waiver is valid cannot rest on any precise formula but depends on the facts and circumstances of each particular case. *People v. Frey*, 103 Ill. 2d 327, 332 (1984). A jury waiver may be valid if it is made by defense counsel in the defendant's presence and the defendant does not object. *People v. Watson*, 246 Ill. App. 3d 548, 549 (1993). No specific admonition or advice is required before an effective jury waiver may be made. *People v. Tooles*, 177 Ill. 2d 462, 469 (1997). The failure to file a written jury waiver does not require reversal so long as the waiver was understandingly made in open court. *People v. Scott*, 186 Ill. 2d 283, 284-85 (1999).

In *Scott*, this court addressed whether a written waiver alone validly waives a defendant's right to a jury trial. The defendant executed a written jury waiver in his attorney's office, which was later filed outside of the defendant's presence. *Scott*, 186 Ill. 2d at 284. On the day of trial and in the defendant's presence, the following exchange occurred:

" 'MR. WILLIAMS [defendant's counsel]: And we would proceed to the bench trial today.

THE COURT: Okay, Defendant files motion to dismiss. States Attorney given two weeks to file responsive pleading. Okay, we'll proceed to bench trial, then?

* * *

THE COURT: Okay, appreciate that., [*sic*] okay. We will then proceed with the bench trial. Mr. Vaughan, you may proceed.' " *Scott*, 186 Ill. 2d at 284.

This court noted that it had "never found a valid jury waiver where the defendant was not present in open court when a jury waiver, written or otherwise, was at least discussed." *Scott*, 186 Ill. 2d at 285. The State argued that references to a bench trial constituted an acknowledgment of a waiver in open court, but this court pointed out that the "defendant was never present in open court when a jury waiver was discussed." *Scott*, 186 Ill. 2d at 285. Additionally, the written jury waiver executed by the defendant stated he had " 'until the last Thursday of December, 1994 to revoke this waiver of jury trial.' " *Scott*, 186 Ill. 2d at 285. The court found that the language implied that the jury waiver was irrevocable after that date. Thus, the defendant's silence may have been due to his belief that he could no longer revoke his jury waiver. The court could not presume that the defendant's silence constituted a valid waiver and held that the defendant did not validly waive his right to a jury trial in open court. *Scott*, 186 Ill. 2d at 285-86.

In *People v. Williamson*, 311 Ill. App. 3d 54 (1999), the appellate court considered whether the defendant validly waived his right to a jury trial. At a status hearing, the following exchange occurred:

" 'THE COURT: All right. You want to demand at this time?

MR. BODE [codefendant Warship's attorney]: We're demanding trial.

THE COURT: All right, on Williamson.

MR. BODE: Would like a trial date.

MR. MANN [defendant's attorney]: I'll fill out the form in a minute, on my client as well, we'll demand but without waiving, to file the motions.

THE COURT: Are you indicating juries at this time or benches?

\* \* \*

MR. MANN: We'll take a bench Judge.' " *Williamson*, 311 Ill. App. 3d at 55.

At the conclusion of the hearing, the circuit court stated:

" 'Defendants are demanding trial, March 29th. Each one will be a bench.' " *Williamson,* 311 Ill. App. 3d at 55. Subsequent hearings included references by the assistant State's Attorney or trial judge that the case was set for a bench trial. The record did not contain a signed jury waiver. The State argued that the defendant understandingly waived his right to a jury trial because the defendant was present during discussions about a bench trial and he did not object when his attorney indicated that he would proceed by way of a bench trial. *Williamson,* 311 Ill. App. 3d at 57. The appellate court, finding *Scott* to be instructive, stated that "nothing was said at any of these pretrial hearings that would have indicated to defendant that he had a right to a jury trial or that his right to a jury trial was being waived. Likewise, on the day of trial, there was no discussion of defendant's right to trial by jury or waiver of that right." *Williamson,* 311 Ill. App. 3d at 59. The appellate court concluded that the references to a bench trial were insufficient to constitute a valid jury waiver in open court. *Williamson,* 311 Ill. App. 3d at 59.

In *People v. Watson,* 246 Ill. App. 3d 548 (1993), the defendant was not present at a pretrial hearing but was represented by counsel. His attorney stated that " '[w]hat I'd like to do is set [case number] 565 for bench trial and we need to make the note to do the jury waiver of Mr. Watson the date that we set.' " *Watson,* 246 Ill. App. 3d at 548. The circuit court continued the hearing and noted that the defendant's jury waiver must be received before the trial started. At various rescheduling hearings, the defendant was present when references were made that he would be proceeding by way of a bench trial. *Watson,* 246 Ill. App. 3d at 549. The State argued that references to a bench trial made in the defendant's presence constituted a valid waiver. The appellate court disagreed, finding that "[v]ague references to a bench trial at the re-

scheduling conferences were not sufficient to constitute a valid jury waiver, especially in light of the fact that the record is devoid of evidence suggesting that the defendant was ever apprised of his right to a jury trial." *Watson*, 246 Ill. App. 3d at 549.

In the present case, neither the right to a jury trial nor a jury waiver was discussed in the respondent's presence in open court. As demonstrated by the previous cases, vague references to a stipulated bench trial by respondent's attorney, the prosecutor, and the circuit court were insufficient to constitute a valid jury waiver. Although the circuit court instructed the respondent that he had a right to a formal hearing to confront and cross-examine witnesses, the record is devoid of any mention of the respondent's right to a trial by jury as prescribed under the Juvenile Court Act.

The State argues that this court's decision in *Frey* compels the conclusion that there was a valid waiver. In *Frey*, the circuit court entered an order, approved by defense counsel, stating that " 'the defendant's attorney indicates the defendant will waive a jury trial in this case.' " *Frey*, 103 Ill. 2d at 329. This court, recognizing that an accused typically speaks and acts through his attorney, noted that "we have given effect to jury waivers made by defense counsel in defendant's presence where defendant gave no indication of any objection to the court hearing the case." *Frey*, 103 Ill. 2d at 332. We found a valid jury waiver. *Frey*, 103 Ill. 2d at 333.

The present case is distinguishable from *Frey*. This court in *Frey* noted that it was apparent from the record that the defendant was aware of his right to a jury trial and was present prior to trial when the jury waiver was discussed. *Frey*, 103 Ill. 2d at 333. Here, there was no indication in the record that respondent was aware of his right to a jury trial in his juvenile proceeding. Further, there was no discussion of a jury waiver nor was one ever entered into before the circuit court.

Other cases relied on by the State that have found a valid waiver are likewise distinguishable because either the defense counsel or the circuit court mentioned the defendant's right to a jury trial or discussed the jury waiver in the defendant's presence in open court. See *People v. Lombardi*, 305 Ill. App. 3d 33, 40-41 (1999) (before the end of the trial, the court admonished the defendant as to her right to a jury trial and the defendant understandingly waived that right); *People v. Tucker*, 183 Ill. App. 3d 333, 334-35 (1989) (the circuit judge asked defense counsel in the defendant's presence whether he wanted a jury trial and counsel declined, stating his request for a bench trial); *People v. Murrell*, 60 Ill. 2d 287, 290 (1975) (the record showed the jury waiver was made by counsel in open court in the defendant's presence).

Respondent in this case had a right to a trial by jury on the petition to adjudicate him a violent juvenile offender under the Act. It is clear from the record that respondent was not informed in open court of his right to a jury trial and there is nothing in the record to indicate he validly waived that right. Although respondent had previous experience in the juvenile justice system, we cannot presume from this fact that he had knowledge of his right to a jury trial. *In re J.W.*, 164 Ill. App. 3d 826, 829 (1987). Further, respondent points out that in his previous delinquency proceedings, he had not been eligible for a jury trial. As in *Scott*, we cannot presume respondent's silence constituted a valid waiver. Therefore, we find that the record fails to support that respondent knowingly and intelligently waived his right to a jury trial. Because of our resolution of the jury waiver issue, we need not address respondent's second argument on appeal.

Since the cause will be remanded for further proceedings, we have reviewed the record and find that the evi-

dence presented before the circuit court was sufficient to adjudicate respondent delinquent in that he committed the offense of robbery beyond a reasonable doubt. Thus, there will be no double jeopardy violation in the event of a new trial. *In re L.L.*, 295 Ill. App. 3d 594, 604 (1998). Our conclusion does not in any way imply a determination of respondent's guilt or innocence that would be binding on retrial. *Taylor*, 291 Ill. App. 3d at 21.

## CONCLUSION

For the foregoing reasons, we affirm the appellate court's judgment reversing the judgment of the circuit court and remanding the cause for a new trial.

*Affirmed.*