No. 2--04--0565                    Filed: 2/16/06

_____

_____

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

_____

_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of Du Page County. |
| Plaintiff-Appellee, | ) ) ) | |
| v. | ) ) | No. 01--TR--77114 |
| WALTER L. THORNTON, | ) ) | Honorable Peter J. Dockery, |
| Defendant-Appellant. | ) ) | Judge, Presiding. |

_____

_____

JUSTICE BOWMAN delivered the opinion of the court:

Following a bench trial, defendant, Walter L. Thornton, was convicted of leaving the scene of an accident without exchanging personal information (625 ILCS 5/11--402(a) (West 2000)) and sentenced to one year of conditional discharge and five days of work in the Sheriff's Work Alternative Program (SWAP). Defendant's sole contention on appeal is that the record fails to establish that he validly waived his right to a jury trial. We reverse and remand.

## I. BACKGROUND

On May 11, 2001, defendant was involved in a two-car accident on County Farm Road in Carol Stream and was subsequently charged with leaving the scene of an accident

without exchanging personal information.  On August 28, 2001, a public defender was appointed to represent defendant.

The first transcript that appears in the record is dated December 11, 2001.  On that date,  defendant appeared in court and his attorney, assistant public defender Julia Yetter, answered ready for trial.  While the State also answered ready for trial, the trial date was continued to March 11, 2002, because defendant's case was not the oldest case on the court's docket.

Defendant appeared in court on the morning of March 11, 2002.  At that time, the court informed defendant that the case was being passed until "1:30 for bench trial," to which defendant replied, "Okay."  According to the record, attorney Yetter was also present, although the trial court advised defendant to "inform Ms. Yetter and return at 1:30 or as she directs you to."  At 1:30 p.m., in defendant's presence, attorney Yetter explained to the court that, although she had answered ready for trial that morning, a defense witness had since become unavailable and a continuance was necessary.  The trial court denied this motion, but ultimately continued the case due to the precedence of another trial.  Specifically, the court stated, "[Defendant], that being a bench trial, I'll set it for the bench trial week of July 1st."  However, following a discussion regarding the witnesses' and defendant's availability, the court continued the case to June 14 "for bench trial."  According to the record, a written jury waiver, signed by defendant and attorney Yetter, was filed on March 11, 2002.  In addition, the record contains a written docket entry for March 11, 2002, stating that "D waives JT; 5 witnesses present-cont. on ct. mtn. 6-14-02 @ 9:30, [courtroom number], F/BT."

On May 17, 2002, the State moved for a continuance, and the court held a hearing on the motion on May 31, 2002. The record does not indicate that defendant was present at that hearing, and a different assistant public defender, Nina Zahrieh, appeared on his behalf. After the court granted the continuance, attorney Zahrieh stated, "I believe, Judge, it's a bench trial also," to which the court responded, "Yes. To October 11th for bench trial." Defendant failed to appear in court on October 11, 2002, however, and a warrant was issued for his arrest.

On October 25, 2002, defendant appeared in court with attorney Zahrieh. Attorney Zahrieh explained that defendant was absent on October 11, 2002, because he was mistaken as to the October court date and because an order of protection prevented him from retrieving from his home the papers stating the court date. The court said to defendant, "What occurred, sir, was that on May 31st, the matter was continued to October 11th for bench trial." The court then questioned attorney Zahrieh about whether defendant was notified of "the State's motion to continue the matter for bench trial." Attorney Zahrieh advised the court that efforts had been made to contact defendant at his old address, but that he had moved. The court quashed the arrest warrant and stated that the "matter will be continued for bench trial." In particular, the court continued the case to "February 14th at 9:30 for bench trial."

On February 14, 2003, defendant appeared in court with another assistant public defender, Elizabeth Reed, who was standing in for John Casey, the public defender handling the case. Attorney Reed informed the court that attorney Casey was sick, and she requested a continuance. The court continued the case to March 14, 2003, "for bench trial."

Defendant appeared in court on March 14, 2003, and the State answered ready for trial. When the court asked defendant whether he had spoken to his public defender, however, defendant replied "no." The court then passed the case until later that day, at which time attorney Casey answered ready for trial. The court stated, "[w]e will proceed to a bench trial." Following the bench trial, defendant was convicted of the charged offense and sentenced to one year of conditional discharge and five days of SWAP. The court admonished defendant regarding his right to appeal and his right to request a new trial and sentencing hearing.

Defendant subsequently mailed a letter to the court, postmarked April 4, 2003, requesting an appeal and stating grounds for relief. The circuit clerk failed to notify the trial court of defendant's request, however, and the court did not learn of defendant's letter until December 18, 2003. Finding that it was the clerk and not defendant who erred, the trial court determined that defendant's request to file a notice of appeal was timely. The court ordered the clerk to file a notice of appeal, and a public defender was appointed.

On March 26, 2004, this court dismissed the case and remanded it to the trial court with directions to treat defendant's letter as a pro se posttrial motion. On remand, the trial court ordered that the public defender remain appointed to represent defendant. On April 28, 2004, assistant public defender Thomas Ost filed a motion for a new trial arguing, inter alia, that the State failed to prove defendant guilty beyond a reasonable doubt. The motion stated that "On March 11, 2002, the Defendant waived Jury before the Honorable Peter J. Dockery." The court held a hearing on the motion and then denied it on May 27, 2004. Defendant's timely notice of appeal followed.

II. ANALYSIS

The sole issue in this case is whether defendant validly waived his right to a jury trial. As an initial matter, we note that the State urges us to find this issue waived. As the State points out, defendant not only failed to raise the issue in his posttrial motion, but he also admitted a valid waiver in his motion. Generally, errors not objected to during trial or raised in a posttrial motion are considered waived. In re R.A.B., 197 Ill. 2d 358, 363 (2001). Nevertheless, under Supreme Court Rule 615(a), we will review plain errors affecting substantial rights, even if those errors were not objected to during trial or presented in a posttrial motion. See 134 Ill. 2d R. 615(a); In re R.A.B., 197 Ill. 2d at 362-63. The right to a jury trial is a fundamental right. U.S. Const., amend. VII; People v. Victors, 353 Ill. App. 3d 801, 805 (2004). As this case concerns the waiver of the fundamental right to a jury trial, we will consider this issue under the plain error doctrine. See In re R.A.B., 197 Ill. 2d at 363; see also Victors, 353 Ill. App. 3d at 805. Whether a defendant validly waived his right to a jury trial is a question of law entitled to de novo review. Victors, 353 Ill. App. 3d at 805.

Section 103--6 of the Code of Criminal Procedure of 1963 (Code) provides that "[e]very person accused of an offense shall have the right to a trial by jury unless (i) understandingly waived by defendant in open court." (Emphasis added.) 725 ILCS 5/103--6 (West 2000). Section 115--1 further provides that a waiver of a jury trial should be in writing. 725 ILCS 5/115--1 (West 2000); People v. Scott, 186 Ill. 2d 283, 284 (1999). A written waiver is one means by which a defendant's intent may be established, although adherence to this provision is not always dispositive of a valid waiver. People v. Bracey, 213 Ill. 2d 265, 269-70 (2004). In addition, the lack of a written waiver is not fatal, if it can be ascertained that the defendant understandingly waived his right to a jury trial. Bracey,

213 Ill. 2d at 270. According to our supreme court, "a defendant validly waives his right to a jury trial only if made (1) understandingly; and (2) in open court." Scott, 186 Ill. 2d at 285.

The question of whether a jury waiver is valid cannot rest on any precise formula but depends on the facts and circumstances of each particular case. In re R.A.B., 197 Ill. 2d at 364. The court need not impart any specific admonition or advice to a defendant for a waiver to be effective. Bracey, 213 Ill. 2d at 270. An oral jury waiver may be valid if it is made by defense counsel in the defendant's presence in open court and the defendant does not object. Bracey, 213 Ill. 2d at 270. However, our supreme court has repeatedly stated that it has " 'never found a valid jury waiver where the defendant was not present in open court when a jury waiver, written or otherwise, was at least discussed.' " Bracey, 213 Ill. 2d at 270, quoting Scott, 186 Ill. 2d at 285. Moreover, a written jury waiver, standing alone, is insufficient to prove a valid waiver of the right to a jury trial. Victors, 353 Ill. App. 3d at 806.

Defendant contends that the record fails to establish that he validly waived his right to a jury trial. Specifically, defendant contends that: (1) he never waived his right to a jury trial in open court; (2) the signed jury waiver was never submitted, acknowledged, or mentioned in open court; (3) a written waiver alone does not establish a valid waiver; (4) the trial court's few references to a bench trial were not sufficient to show that he validly waived his right to a jury trial; and (5) he was not present on the only occasion in which his public defender explicitly referred to his trial as a "bench trial." The State responds that the following evidence in the record establishes a valid waiver: (1) the signed jury waiver; (2) defendant's failure to object on any of the numerous occasions in which defense counsel agreed to a bench trial in defendant's presence; (3) defendant's agreement to a bench trial

in open court on March 11, 2002; and (4) the fact that defendant was not "a stranger to the courts by the time" he faced the instant charge.

Despite a plethora of cases addressing this subject, our supreme court's decision in Scott most closely resembles the case at bar. Like defendant here, the defendant in Scott executed a written jury waiver. Scott, 186 Ill. 2d at 284. In addition, several references were made, in the defendant's presence, to proceeding with a bench trial. Specifically, the following exchange occurred between the defendant's attorney and the trial court on the day of the trial:

"MR. WILLIAMS [the defendant's counsel]: And we would proceed to the bench trial

today.

THE COURT: Okay, Defendant files motion to dismiss. States Attorney given two weeks to file responsive pleading. Okay, we'll proceed to bench trial, then?

* * *

THE COURT: *** We will then proceed with the bench trial." Scott, 186 Ill. 2d at

284.

In Scott, the State argued that the references to proceeding with a bench trial constituted an acknowledgment of the waiver in open court. Scott, 186 Ill. 2d at 285. Despite the signed waiver, our supreme court held that the defendant did not validly waive his right to a jury trial in open court. Scott, 186 Ill. 2d at 285-86. In particular, the court reasoned that the defendant never acknowledged the waiver in open court and that he was never present in open court when a jury waiver was discussed. Scott, 186 Ill. 2d at 285-86. In addition,

the court noted that the references to a bench trial arose in a dialogue between the defendant's attorney and the trial court concerning a motion to dismiss, rather than in the context of a jury waiver. Scott, 186 Ill. 2d at 285-86. As a result, defense counsel's statement that he would proceed with a bench trial was not meant as an affirmative waiver, but merely an indication that the defendant would proceed with trial despite the pending motion. Scott, 186 Ill. 2d at 286. Thus, the court concluded that the defendant never acknowledged the written jury waiver in open court, either affirmatively or though his silence. Scott, 186 Ill. 2d at 286. According to the court, it had "never found a valid jury waiver where the defendant was not present in open court when a jury waiver, written or otherwise, was at least discussed." Scott, 186 Ill. 2d at 285.

Given our supreme court's decision in Scott, we determine that the record fails to establish that defendant validly waived his right to a jury trial. Considering each of defendant's and his counsel's several appearances in this case, it is undisputed that defendant was never present in open court when a jury waiver was discussed.

The first transcript that appears in the record is dated March 11, 2002, the same date that the signed written jury waiver was filed. While the State avers that defendant agreed to a bench trial on that date, we disagree. According to the trial transcript, the court informed defendant that the case was being passed until "1:30 for bench trial," to which defendant replied, "Okay." The court then advised defendant to inform attorney Yetter and return at 1:30 or whatever time attorney Yetter specified. From this context, it is clear that defendant was not waiving his right to a jury trial but was agreeing to return to court that afternoon. Thus, defendant's agreement to come back later that day was not an affirmative acknowledgment of a jury waiver in open court.

Nor did defendant's silence during the trial court's few references to a bench trial later that day constitute an acknowledgment of the waiver in open court. When the parties returned to court that afternoon, attorney Yetter requested a continuance due to the unavailability of a witness. The court stated, "[Defendant], that being a bench trial, I'll set it for the bench trial week of July 1st." Based on the parties' schedules, however, the trial court continued the case to June 14 "for bench trial." As in Scott, the March 11 references to a bench trial did not occur in the context of a jury waiver. Instead, all of the references were made by the trial court in response to attorney Yetter's request for a continuance. Consequently, defendant's silence during these references did not constitute an acknowledgment of a jury waiver.

In addition, although the March 11, 2002, docket entry suggests that a waiver was made, the transcript of that hearing contains no evidence of a waiver in open court. See People v. Roberts, 263 Ill. App. 3d 348, 351 (1994) (although docket entries suggested that a waiver was made, the transcripts furnished by the defendant contained no evidence of a waiver in open court). The next relevant date is May 31, 2002, when the court held a hearing on the State's motion for a continuance. At that time a different public defender, attorney Zahrieh, appeared on defendant's behalf and stated, "I believe, Judge, it's a bench trial also," to which the court responded, "Yes. To October 11th for bench trial." As defendant points out, this is the only occasion in which defense counsel explicitly referred to defendant's trial as a bench trial. However, even if attorney Zahrieh's statement could be interpreted as an agreement to a bench trial, defendant was not present at this hearing. See Victors, 353 Ill. App. 3d at 808 (the discussion and waiver of a jury trial, outside the

defendant's presence, did not constitute a valid waiver of a jury trial by the defendant himself).

As the record illustrates, defendant appeared in court on three more occasions in which the trial court made references to a bench trial. On October 25, 2002, defendant explained his absence on October 11, 2002, and the trial court explained that the case had been continued to October 11 "for bench trial." The court questioned attorney Zahrieh about whether defendant was notified of the State's motion to continue the matter "for bench trial." The court then stated that the "matter will be continued for bench trial" and continued the case to "February 14th for bench trial." Then, on February 14, attorney Reed, stepping in for attorney Casey, requested another continuance. The court continued the case to March 14, 2003, "for bench trial." On March 14, 2003, the court stated, "[w]e will proceed to a bench trial," and defendant was found guilty.

Although the trial court made multiple references to a bench trial in defendant's presence, such references do not constitute a discussion of a jury waiver in open court. The right to a trial by jury is one of the most revered rights guaranteed by our federal and state constitutions. Bracey, 213 Ill. 2d at 269. Accordingly, a jury waiver, to be valid, must be made understandingly and in open court. 725 ILCS 5/103--6 (West 2000); Scott, 186 Ill. 2d at 285. Based on the statute's explicit requirement that the defendant waive a jury "in open court" (Scott, 186 Ill. 2d at 288 (Bilandic, J., specially concurring)), Scott makes clear that the defendant must be present in open court when a jury waiver, written or otherwise, is at least discussed. Scott, 186 Ill. 2d at 285. Unlike the dissent, we do not believe that mere references to a bench trial, especially in the context of conversations about other matters, equate to a "discussion" of a jury waiver in open court. This is because a

reference to a bench trial, without more, assumes that the defendant understands the difference between a jury trial and a bench trial, and that he has already made an understanding jury waiver outside of court. As our supreme court stated:

> " ' "It takes but a few moments of a trial judge's time to directly elicit from a defendant a response indicating that he understands that he is entitled to a jury trial, that he understands what a jury trial is, and whether or not he wishes to be tried by a jury or by the court without a jury. This simple procedure incorporated in the record will reduce the countless contentions raised in the reviewing courts about jury waivers." ' " Scott, 186 Ill. 2d at 288 (Bilandic, J., specially concurring), quoting People v. Chitwood, 67 Ill. 2d 443, 448-49 (1977), quoting People v. Bell, 104 Ill. App. 2d 479, 482 (1969).

Consistent with Scott, the court in People v. Williamson, 311 Ill. App. 3d 54, 59 (1999), held that multiple references to a bench trial by the State and the trial court were insufficient to constitute a "discussion" of a jury waiver in open court. While the dissent argues that Williamson is inapposite to the case at bar because the defendant in Williamson did not sign a written jury waiver, we note that the written jury waiver that was filed in Scott was not dispositive given the other factors in that case, particularly the lack of any discussion  in the defendant's presence with respect to a jury waiver. See People v. Elders, 349 Ill. App. 3d 573, 584 (2004).

Moreover, this is not a case where defense counsel made an affirmative statement in defendant's presence indicating that defendant was waiving his right to a jury trial in favor of a bench trial. See Bracey, 213 Ill. 2d at 270 (generally, a jury waiver is valid if it is made by defense counsel in defendant's presence in open court, without an objection by

defendant). As the State concedes, defense counsel never even uttered the words "bench trial" when defendant was present in court. Thus, we disagree with the dissent's assertion that defendant's silence during the trial court's references to a bench trial was equivalent to an acquiescence. See Roberts, 263 Ill. App. 3d at 351-52 (the defendant's silence during the trial court's few references to a bench trial and her simple acquiescence to the bench trial at the time it occurred were not sufficient to show she validly waived her right to a jury trial, in the absence of some affirmative action by her or her attorney while she was present); see also Elders, 349 Ill. App. 3d at 583 (at the very least, the record must disclose evidence of some discussion of a jury waiver in the defendant's presence, prior to being found guilty). As previously stated, the trial court's references to a bench trial in this case were made not in the context of a jury waiver, but in discussions of defendant's absence and motions to continue. Consequently, nothing was said at any of these pretrial hearings or on the day of trial that would have indicated to defendant that he had a right to a jury trial or that his right to a jury trial was being waived. See Williamson, 311 Ill. App. 3d at 59.

In short, we interpret Scott as setting a minimum standard that the defendant be present in open court when the jury waiver is discussed. See Scott, 186 Ill. 2d at 288 (Bilandic, J., specially concurring). Unlike the dissent, which seeks to distinguish Scott based on its "unique set of facts that are very different from those of the present case" (slip op. at 15), we believe that the Scott majority found no valid waiver because "it [was] undisputed that [the] defendant was never present in open court when a jury waiver was discussed" (Scott, 186 Ill. 2d at 285). Accordingly, while the dissent places great emphasis on defendant's history with the judicial system, the written jury waiver, and the numerous references to a bench trial, these circumstances do not provide a substitute for this

minimum requirement, nor do they satisfy it. For example, as dissenting Justice Freeman pointed out in <u>Scott</u>, the defendant signed a clear and detailed written jury waiver, failed to object when his defense counsel indicated that he was prepared to proceed with a bench trial, and had a history with and knowledge of the justice system. <u>Scott</u>, 186 Ill. 2d at 289-90 (Freeman, J., dissenting). Nevertheless, the majority failed to find a valid waiver.

In the case at bar, the written waiver was never discussed in open court, the references to a bench trial did not amount to a "discussion" of a jury waiver in open court, and defendant's alleged history with the justice system did not impute knowledge of his right to a jury trial.[1] See <u>In re R.A.B.</u>, 197 Ill. 2d at 368 (although the respondent had previous experience in the juvenile justice system, the court could not presume from this fact that he had knowledge of his right to a jury trial). If such circumstances were insufficient to establish a valid waiver in <u>Scott</u>, they are insufficient here.

---

[1] Although the State offered some evidence at the sentencing hearing indicating that defendant has had previous contact with the justice system, the record contains no presentence report.

No. 2--04--0565

### III. CONCLUSION

Because defendant was never present in open court when a jury waiver was discussed, defendant did not validly waive his right to a jury trial. Accordingly, we reverse the judgment of the circuit court of Du Page County and remand the cause for a new trial.

Reversed and remanded.

HUTCHINSON, J., concurs.

*JUSTICE GILLERAN JOHNSON, dissenting*

*I respectfully dissent. I agree with the legal proposition the majority espouses a written waiver alone generally does not constitute a valid waiver of a defendant s right to a jury trial. People v. Bracey, 213 Ill. 2d 265, 270 2004 People v. Scott, 186 Ill. 2d 283, 286 1999 . However, I disagree with the majority s application of this principle to the present case, because the record in this case reveals much more than a written waiver.*

*In addition to signing a written jury waiver, the defendant was present when the trial court stated numerous times in open court that the case would be proceeding to a bench trial. On March 11, 2002, the trial court clearly stated on three occasions that the defendant s case was scheduled for a bench trial. On the last of those, the trial court stated, Mr. Thornton, we re passing your matter till 1 30 for bench trial. The defendant responded, Okay. Neither the defendant nor his attorney voiced any objection. That same day, in compliance with section 115--1 of the Code of Criminal Procedure of 1963 725 ILCS 5 115--1 West 2000 All prosecutions shall be tried by the court and a jury unless the defendant waives a jury trial in writing , the defendant executed a written waiver of his right to a jury trial. The waiver stated that the defendant has been fully advised of his right to Trial by Jury that he waives same and elects to be tried by the Court. On October 25, 2002, the trial court stated three times that the defendant s case was scheduled for a bench trial. Again, neither the defendant nor his attorney voiced any objection. On February*

˘14˘

14, 2003, the trial court again indicated that the case was scheduled for a bench trial without any objection from the defendant or his attorney. Finally, on March 14, 2003, just prior to the commencement of the trial, the trial court stated that the case was proceeding to a bench trial. The defendant and his attorney did not object. The defendant s silence on those occasions when it was discussed that his case was scheduled for a bench trial and his acknowledgment of Okay on March 11, 2002, are equivalent to an acquiescence. See People v. Frey, 103 Ill. 2d 327, 333 1984 the defendant s silence at the judge s statement on the day of trial that the matter was set for a bench trial was acquiescence .

Furthermore, other portions of the record suggest that the defendant intended to waive his right to a jury trial. The defendant s attorney answered ready for a bench trial on two occasions, March 11, 2002, and March 14, 2003. Notably, the accused typically speaks and acts through his attorney. Frey, 103 Ill. 2d at 332. Furthermore, on January 2, 2003, a bench warrant was issued for failure to appear on October 11, 2002, for a "bench trial." Most telling, in his motion for a new trial on April 4, 2004, the defendant admitted that he had waived his right to a trial by jury.

Along with the written waiver, the numerous references made in open court and in the defendant's presence, and the defendant's admission in his posttrial motion, the record also shows that the defendant was well-spoken and had a history with the court system. The defendant was 31 years old at the time of trial and had been in court numerous times in the past for charges of driving while his license was suspended, driving under the influence, and other traffic violations, and for an order of protection. The fact that the defendant possessed a level of familiarity with the court system should be considered in assessing whether he validly relinquished his right to a jury trial. See Frey, 103 Ill. 2d at 333; see also Scott, 186 Ill. 2d 289-90 (Freeman, J., dissenting). Indeed, whether a jury

waiver is valid cannot be determined by application of a precise formula but rather turns on the particular facts and the totality of the circumstances in each case. In re R.A.B., 197 Ill. 2d 358, 364 (2001). Here, the defendant's involvement with and knowledge of the judicial system, coupled with his written jury waiver and the numerous references to a bench trial made in open court, indicate that the defendant validly waived his right to a jury trial and proceeded with a bench trial.

The majority discounts the references to a bench trial because they were made by the trial court and not the defendant's attorney. The fact that the trial court made these references and not the attorney did not make the waiver invalid. The authority relied upon by the majority to suggest otherwise, People v. Williamson, 311 Ill. App. 3d 54 (1999), is inapposite to the case at bar. In Williamson, the Appellate Court, First District, held that references to a bench trial made by the trial court were insufficient to constitute a valid jury waiver. Williamson, 311 Ill. App. 3d at 59. However, the defendant in Williamson failed to sign a written jury waiver. Williamson, 311 Ill. App. 3d at 58. *In this case, in addition to the numerous references made by the trial court, the defendant did sign a written waiver. As such, Williamson does not mandate a reversal of this case.*

*Neither does the Illinois Supreme Court's decision in Scott mandate a reversal. In Scott, the Illinois Supreme Court determined that the defendant's written jury waiver was insufficient. Scott, 186 Ill. 2d at 286. However, the Scott case presents a unique set of facts that are very different from those of the present case. First, in Scott, there was no mention in court of a jury waiver or of a bench trial prior to the date of trial. Scott, 186 Ill. 2d at 285. Here, as noted above, there were numerous references made on three different days prior to the trial date. Second, unlike in the case herein, the written waiver in Scott was unorthodox as it stated that the waiver was irrevocable after a certain date. Scott, 186 Ill. 2d at 285.*

Thus, it could not be determined in <u>Scott</u> that the defendant's silence upon his attorney's mention of a bench trial was acquiescence. <u>Scott</u>, 186 Ill. 2d at 285. The defendant's silence in court at the mention of a bench trial may likely have been due to his belief that it was too late to revoke the jury waiver. <u>Scott</u>, 186 Ill. 2d at 285. The <u>Scott</u> court placed great emphasis on the fact that the written jury waiver was made irrevocable. <u>Scott</u>, 186 Ill. 2d at 285.

In this case, I would hold that the defendant understandingly waived his right to a jury trial in open court. Accordingly, I would affirm the judgment of the circuit court finding the defendant guilty and sentencing him to a term of conditional discharge and five days of SWAP.