2020 IL App (2d) 18-0741-U
No. 2-18-0741
Order filed April 1, 2020

NOTICE: This order was filed under Supreme Court Rule 23(c)(2) and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of De Kalb County. |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | Nos. 17-DT-54 17-TR-1158 |
| | ) | |
| ANGELO DIGGINES, | ) ) | Honorable Philip G. Montgomery, |
| Defendant-Appellant. | ) | Judge, Presiding. |

JUSTICE BRENNAN delivered the judgment of the court.
Presiding Justice Birkett and Justice Zenoff concurred in the judgment.

**ORDER**

¶ 1   *Held*:  Defendant did not make an understanding waiver of his right to a jury trial in open court.  In that the evidence was sufficient for double jeopardy purposes, we reversed and remanded for a new trial.

¶ 2   Following a bench trial, defendant, Angelo Diggines, was found guilty of driving under the influence (DUI) (625 ILCS 5/11-501(a)(2) (West 2016) (case No. 17-DT-54)) and failing to use a turn signal (625 ILCS 5/11-804 (West 2016) (case No. 17-TR-1158)).  The court entered an agreed sentence of 18 months conditional discharge for the DUI conviction and 18 months court supervision for the traffic violation.

¶ 3 Defendant appeals, arguing that his right to a jury trial was violated, and that the State failed to prove him guilty beyond a reasonable doubt of both charges. Because we find that defendant did not make an understanding waiver of his right to a jury trial in open court, we reverse and remand for a new trial without reaching the sufficiency of the evidence.

¶ 4                                     I. BACKGROUND

¶ 5 We recount only those facts necessary to our determination that defendant did not understandingly waive his right to a jury trial in open court.

¶ 6 On February 5, 2017, defendant was charged with DUI and the failure to use a turn signal after a routine traffic stop. On March 8, 2017, defendant was arraigned, and the public defender was appointed. The court admonished defendant as to possible penalties and trial in absentia, but there was no discussion regarding a jury or bench trial. A number of status dates ensued where neither side suggests there was any discussion about waiving jury.

¶ 7 On January 25, 2018, defendant was present with his counsel, Ms. Toni Heniff, when the matter was set over for jury trial to April 23-24, 2018, an interim status date for motions on March 29, 2018, and a final jury status date of April 19, 2018. On March 29, 2018, neither side filed motions and the matter was held over to the April 19, 2018, jury status date.

¶ 8 On the April 19 jury status date, the trial date was reset. In attempting to select between several dates, the following colloquy occurred in the presence of defendant:

"[THE COURT]: How about Wednesday afternoon, the 30th?

[MS. HENIFF]: I could do the 30th.

[PROSECUTOR]: I've been having persistent discussions for the possibility of a

stipulated bench trial.

[MS. HENIFF]: I just have to get Mr. Diggines to agree to that. I think that is a possibility.

[THE COURT]: We do have a sentencing hearing that afternoon which will take up a little bit of time, but that so far is the only thing I've got.

[MS. HENIFF]: I believe and I'm not positive if Mr. Regna knows of any other witnesses if we didn't. I think it's just the officer.

[PROSECUTOR]: I think it's just Officer Pettengell.

[MS. HENIFF]: And then Mr. Diggines if he decides to testify, so I think we're only looking at two people at most.

[THE COURT]: So May 29th at—a

[PROSECUTOR]: No. The 30th.

[MS. HENIFF]: May 30th.

[THE COURT]: May 30th at 1:30 in this courtroom for bench trial.

[MS. HENIFF]: Thank you, Judge".

Though there was no discussion regarding the waiver of jury trial, or for that matter of anything other than a "possible" stipulated bench trial, defendant did execute a written jury waiver which was signed by the judge.

¶ 9    The matter was next before the court on the State's motion to continue the trial on May 9, 2018, where the prosecutor and Ms. Heniff appeared without defendant. The prosecutor requested a continuance based on the unavailability of a witness and the following exchange took place:

"[PROSECUTOR]: I think this will be possibly a stipulated bench trial. Ms. Heniff I think is still working with her client on that issue.

[MS. HENIFF]: That is correct.

*\*\**

> [PROSECUTOR]:  And then if we get word we might do a stipulated, then we'll motion
>
> up earlier with information to you."

The parties agreed to a new trial date of June 15, 2018.

¶ 10    On May 30, 2018, the State placed the case on the call for a second continuance and this time defendant was present with counsel.  The following exchange occurred:

> "[MS. HENIFF]: I am objecting, Your Honor.  We're ready to go when it was set for
>
> jury trial.  I know the Court wasn't available then but we were ready.  We were ready
>
> if it was still set for today and we would still be ready on that next day.  [Defendant] is
>
> eager to get this behind him.
>
> [PROSECUTOR]: There was [*sic*] discussions about a possible stipulated bench trial
>
> unless counsel is willing to stipulate, then I can go on the 15th, Judge, but otherwise—
>
> [MS. HENIFF]: And that's a decision that [defendant] still has to make.  Obviously if
>
> he gives me that information, we would be agreeable to that going sooner but not right
>
> now."

The matter was continued for trial to July 27, 2018.

¶ 11    On July 27, 2018, there was no further discussion of a stipulated bench trial and a traditional bench trial commenced.  Before the first witness was called, the following exchange took place:

> "[THE COURT]: This is Angelo Diggines, 17 DT 54.  The case is up for bench trial.
>
> [PROSECUTOR]: Are you ready?
>
> [PROSECUTOR]: Yes, Judge.
>
> [THE COURT]: And Ms. Heniff, are you ready?
>
> [MS. HENIFF]: Yes, Your Honor.

> [THE COURT]: [Prosecutor], are you going to waive opening statement?
>
> [PROSECUTOR]: Yes, Judge.
>
> [THE: COURT]: Ms. Heniff, you'll waive opening statement?
>
> [MS. HENIFF]: Yes, Your Honor."

While the trial judge stated that "the case is up for bench trial," and both lawyers answered ready for trial, there was no discussion of a jury trial waiver. At the conclusion of the evidence, the court found defendant guilty of DUI and failure to use a turn signal. Defendant filed a motion to reconsider, arguing that the State failed to prove either convictions beyond a reasonable doubt, but did not assert the invalidity of his jury waiver. The court denied the posttrial motion, and after sentencing, defendant timely appeals.

¶ 12                                    II. ANALYSIS

¶ 13    Defendant argues that his right to a jury trial was violated because he did not understandingly waive the right in open court. The State argues that defendant validly waived his right to trial by jury.

¶ 14    We initially observe, as defendant acknowledges, that he did not raise the validity of his jury waiver in the trial court, instead raising it for the first time on appeal. While the failure to raise an issue in the trial court ordinarily results in procedural default (*In re R.A.B.,* 197 Ill. 2d 358, 362 (2001)), defendant asks us to review the issue under the plain error doctrine. Plain error review is permitted, *inter alia,* where the error itself is so serious that the "integrity of the judicial process" is at stake. *Id.* at 363. Because the right to a jury trial is fundamental, we will review defendant's claim under the plain error doctrine. See *People v. Bracey,* 213 Ill. 2d 265, 270 (2004) (potential violation of jury trial right considered under the plain error doctrine). Our review is *de novo*

because the facts are not in dispute and whether defendant validly waived his right to a jury trial is a question of law. *R.A.B.,* 197 Ill.2d at 362.

¶ 15     The right to a trial by jury is a fundamental right afforded criminal defendants in both the United States Constitution (U.S. Const., amends. VI, XIV) and the Illinois Constitution (Ill. Const.1970, art. I, §§ 8, 13), and has been codified by our legislature in 725 ILCS 5/103-6 (West 2016).  While the right to a jury trial may be waived, doing so requires that the waiver be made "understandingly" and "in open court." *Bracey*, 213 Ill. 2d 270 .  The trial court must ensure that the jury waiver is "made expressly and understandingly" (*People v. Smith,* 106 Ill. 2d 327, 334 (1985)), but there is no prescribed language to effectuate the waiver (*R.A.B*., 197 Ill. 2d at 364; *Bracey,* 213 Ill. 2d at 270 ("the court need not impart any set admonition or advice")).  Rather, each jury waiver must be considered in the context of its own facts and circumstances.  *Bracey*, 213 Ill. 2d at 269.  While the court need not impart any specific admonition or advice to a defendant for a waiver to be effective, something in the discussion, however, must indicate to the defendant that his right to a jury trial is being waived.  *People v. Rincon*, 387 Ill. App. 3d 708, 718.  *Bracey*, 213 Ill. 2d at 270.  Indeed, our supreme court has noted that it has "never found a valid jury waiver where the defendant was not present in open court when a jury waiver, written or otherwise, was at least discussed." *Bracey*, 213 Ill. 2d at 270 (quoting *People v. Scott*, 186 Ill. 2d 283, 285 (1999)). Nor is compliance with the statutory requirement of a written jury waiver (725 ILCS 5/115-1 (West 2016)) dispositive; a written jury waiver, alone, does not constitute a valid waiver.  *Scott,* 186 Ill. 2d at 285.  Rather, a written jury waiver merely memorializes the defendant's decision, allowing the trial court to review the record to ascertain whether a defendant's jury waiver was understandingly made.  *People v. Tooles*, 177 Ill. 2d 462, 468 (1997).

¶ 16    Defendant contends that the record establishes he did not make a valid jury trial waiver. Specifically, he claims that he never waived his right to a jury trial in open court; the written waiver alone does not establish a valid waiver; and the mere mention of the phrase "bench trial" as part of the stipulated bench discussion does not amount to a valid waiver. The State counters that the written jury waiver, in conjunction with his failure to object to the stipulated bench trial discussion, and his acquiescence in proceeding to bench trial, together amounted to a valid waiver.

¶ 17    In support of its position that defendant validly waived his right to a jury trial, the State correctly notes that a valid jury waiver may take place where, in open court, defense counsel waives the right to a jury trial in the defendant's presence and the defendant does not object. *Bracey*, 213 Ill. 2d at 270. This proposition of law, however, is of no avail to the State in light of the instant record.

¶ 18    Focusing on those dates where defendant was present and a trial was discussed, we note that on January 25, 2018, defendant was present when his case was first set for jury trial. On April 19, 2018, defendant was present when the case was continued and where, for the first time, and without further elaboration on the record, the prosecutor and defense counsel indicated "the possibility of a *stipulated bench trial*." (Emphasis added.) On that same date, defendant executed a written jury waiver, though there was no discussion of this on the record, and the case was set over for bench trial. On May 30, 2018, the case was continued over defendant's objection, where again there was a discussion of a possible stipulated bench trial, with a further indication that this was "a decision that [defendant] still has to make." The case was next up on July 27, 2018, where it proceeded to bench trial after the trial judge indicated, "[t]he case is up for bench trial," and lawyers for both sides answered ready.

¶ 19    In considering whether any of the above discussions, either individually or in concert, constitute a valid jury waiver, we find our supreme court's decision in *Scott,* particularly instructive.  Defendant Scott executed a written jury waiver without discussion on the record. *Scott*, 186 Ill. 2d at 284.   Additionally, several references were made in Scott's presence to proceeding by way of bench trial.  *Id.*  When the case was called for trial, Scott's counsel stated, "we would proceed to the bench trial today."  *Id.*  Despite the signed waiver, the *Scott* court held that the defendant did not validly waive his right to a jury trial in open court.  *Id.* at 285-86.  The court reasoned that the defendant never acknowledged the written jury waiver in open court, and he was never otherwise present in open court when a jury waiver was discussed.  *Id.*  The court also noted that the references to a bench trial arose during discussions regarding a motion to dismiss, rather than in the context of a jury waiver.  *Id.*  In finding that there was not a valid waiver, the *Scott* court noted that the supreme court had "never found a valid jury waiver where the defendant was not present in open court when a jury waiver, written or otherwise, was at least discussed."  *Id.* at 285.

¶ 20    While the instant defendant did execute a written jury waiver, as with *Scott,* there was no discussion regarding doing so on the record.  As to the discussions that did occur on the record, they are even more problematic that those in *Scott.*  Here, not only was there never a discussion about waiving jury trial, but to the extent there was any discussion about the nature of the trial, it was limited to the "possibility" of a stipulated bench trial.  On the day of trial, while no further discussion was had regarding a stipulated bench trial, there was again no discussion about waiving the right to a jury, or for that matter about proceeding by way of a traditional bench trial.  The court merely called the matter for bench trial, and both lawyers answered ready.  As we noted in *People v. Thornton,* 363 Ill. App. 3d 481 (2006), *Scott*, "makes clear that the defendant must be

present in open court when a jury waiver, written or otherwise, is at least *discussed.*" *Id.* at 488 (citing *Scott*, 186 Ill. 2d at 285). Mere references to a bench trial, untethered to any discussion, however brief, of waiving the right to a jury trial, do not constitute "discussions" for purposes of a valid jury waiver. *Thornton*, 363 Ill. App. 3d at 488. "This is because a reference to a bench trial, without more, assumes that the defendant understands the difference between a jury trial and a bench trial, and that he has already made an understanding jury waiver outside of court." *Id.* Accordingly, we find that defendant did not validly waive his right to a jury trial.

¶ 21 Finally, we note that while the double jeopardy clause does not preclude retrial when a conviction has been overturned because of an error in the trial proceedings, retrial is barred if the evidence introduced at the initial trial was insufficient to sustain the conviction. *People v. Drake*, 2019 IL 123734, ¶ 20. Here, the arresting officer testified that he stopped defendant's vehicle after observing it make two right turns using the hazard lights as a signal; that there was a strong odor of an alcohol-based beverage on defendant's breath; that defendant's eyes were glassy and his speech was thick-tongued and mumbled; that defendant admitted consuming alcohol earlier that night, which was confirmed by the horizontal gaze nystagmus test; that defendant's performance on the one leg stand and walk and turn tests was suggestive of impairment; and that after being arrested for DUI, defendant refused to take the breathalyzer test. Considering all this evidence, including defendant's balance issues due to a foot deformity, the trial court found defendant guilty. After viewing the evidence in the light most favorable to the prosecution, we find there was sufficient evidence to sustain the findings of guilty and to avoid a double jeopardy bar to a retrial. See *People v. Ward*, 2011 IL 108690, ¶ 50, *People v. Taylor*, 291 Ill. App. 3d 18, 21 (1997).

¶ 22 Accordingly, we reverse the judgment and remand the cause for a new trial.

¶ 23                                  III. CONCLUSION

¶ 24    For the preceding reasons, the judgment of the circuit court of De Kalb County is reversed and the cause is remanded for a new trial.

¶ 25    Reversed and remanded.