First Division

December 30, 1999

No. 1-98-2415

THE PEOPLE OF THE STATE OF ILLINOIS,
 )  Appeal from the

)  Circuit Court of

Plaintiff-Appellee, )  Cook County.

)

v. )

)

DAMEN WILLIAMSON, )  Honorable

)  James P. Flannery, Jr.,

Defendant-Appellant. )  Judge Presiding.

JUSTICE RAKOWSKI delivered the opinion of the court:

Following a bench trial in which he was simultaneously tried with codefendants Raygene Jackson and John Warship, defendant Damen Williamson was convicted of the murder of Isaac Jackson and sentenced to 30 years in prison.  He was also convicted of the attempted murder of Bernice Lovett and sentenced to six years in prison, sentences to be served consecutively.
(footnote: 1)  Codefendant Jackson's convictions were reversed and the cause was remanded to the circuit court for a new trial because he did not understandingly waive his right to a jury trial.  
People v. Jackson
, No. 1-98-1795 (1999) (unpublished order under Supreme Court Rule 23).

On appeal, defendant contends (1) that he did not waive his right to a jury trial; (2) that he was not proved guilty beyond a reasonable doubt of any offense for which he was convicted; and  (3) that the trial court improperly imposed consecutive sentences.  For the reasons that follow, we conclude that defendant did not validly waive his right to a jury trial and therefore reverse the judgment of the circuit court and remand this matter for a new trial. 

FACTS

We first address defendant's contention that he did not waive his right to a jury trial.  At the status hearing on March 1, 1996, the following colloquy occurred:

"THE COURT: All right.  You want to demand at this time?

MR. BODE [codefendant Warship’s attorney]: We’re demanding trial.

THE COURT: All right, on Williamson.

MR. BODE: Would like a trial date.

MR. MANN [defendant’s attorney]: I’ll fill out the form in a minute, on my client as well, we’ll demand but without waiving, to file the motions.

THE COURT: Are you indicating juries at this time or benches?

* * *

MR. MANN: We’ll take a bench Judge.”

The trial court and the attorneys continued to discuss scheduling matters.  At the conclusion of the hearing the judge stated, “Defendants are demanding trial, March 29th
.  Each one will be a bench.”

On March 29, 1996, the assistant State’s Attorney stated, “By agreement, 4-26, status.  That’s for motions and bench.”  At the conclusion of the hearing, the judge stated, “By agreement, 4-26 for bench trial.”  Apparently, defendant's attorney and codefendant Jackson’s attorney were present at that time.  Although defendant Warship was present, his attorney was not. 

On April 26, 1996, the assistant State’s Attorney indicated that the case was “set for motions and bench trial” on defendants Williamson and Jackson and for a bench trial on defendant Warship.  However, because the court was engaged in an unrelated jury trial, the assistant State’s Attorney spoke with the attorneys for defendants and they had agreed to postpone this case.  The court responded, “You’ve got one witness here.  We will get it started today.”  The assistant State’s Attorney then replied, “We can start the bench.”  The case was then passed until later that afternoon.  When the case was recalled, defendant's attorney and codefendants' attorneys agreed to put the matter over until May 10, 1996.  The court stated, “By agreement May 10 for bench trial.”  Defendant's attorney responded, “Bench trial and hearing on motions.”

On May 10, 1996, defendant and codefendants Jackson and Warship were before the court when the following colloquy occurred:

"THE COURT: Did you speak with your attorneys today?

MR. JACKSON [codefendant]: No.

THE COURT: I know some of them were here.

MR. CAWLEY [assistant State’s Attorney]: All three counselors were here today.  I was speaking with [assistant State’s Attorney] Mr. Gaughn [
sic
].  They have agreed to June 5th
, 1996.

THE COURT: Is that for motion, supposed to be up for a motion today, or bench?

MR. CAWLEY: Bench.

THE COURT: Is that what you want to do gentlemen, June 5th
 for motion or bench?

[DEFENDANT]: I ain’t going through no motion.

THE COURT: You come back anyway that day.  We’ll see what happens on the motion and we’ll set your date after that.

June 5th
, motion."

On June 5, 1996, the court and the assistant State’s Attorney were engaged in an unrelated jury trial and were thus unable to proceed on this matter.  Accordingly, the court, the assistant State’s Attorney, and defendants’ attorneys were discussing available dates on which this matter could be addressed.  The trial court inquired, "You are on the motion?"  Defendant's attorney replied, "Motion and bench."  At the conclusion of the discussion, the court stated, “Williamson and Jackson, by agreement, June 27th
.  All right.  That is for motion and for a bench.”   On June 27, 1996, the case was called and defendant and codefendants Jackson and Warship were instructed to sit with their attorneys.  The assistant State’s Attorney then informed the court that defendant and codefendant Jackson would like the court to consider their motions to suppress statements simultaneous with trial.  Witnesses were excluded from the court room, the attorneys who elected to give opening statements did so, and the first witness was then called.  

The record on appeal does not contain a signed jury waiver, nor is there a notation in the  “Memorandum of Orders” (half-sheet) that defendant waived a jury trial.

ANALYSIS

Initially, the State contends that defendant has waived consideration of this issue because he failed to object to proceeding to trial without a jury and failed to raise the issue in his written posttrial motion.  Although both an objection at trial and a written posttrial motion are required to preserve an issue for review (
People v. Williams
, 165 Ill. 2d 51, 60 (1995)), the court may review plain errors affecting substantial rights under Supreme Court Rule 615(a) (134 Ill. 2d R. 615(a)) even if those errors were not brought before the trial court.  Whether a defendant has validly waived his right to a jury trial involves a substantial right (
People v. Stokes
, 281 Ill. App. 3d 972, 976 (1996) (and cases cited therein)), and we therefore address the merits of defendant’s claim.  

The State contends that the defendant understandingly waived his right to a jury trial because defendant was present when a bench trial was discussed and because he did not object when his attorney indicated that he would proceed by way of a bench trial.  Although the State does not point to a particular date on which defendant waived his right to a jury trial, it does rely on exchanges that occurred at various status hearings.

Pursuant to section 103-6 of the Code of Criminal Procedure of 1963 (Code), a bench trial may be held if the right to trial by jury is “
understandingly
 waived by defendant 
in open court
.”  (Emphasis added.)  725 ILCS 5/103-6 (West 1998).  In addition, section 115-1 provides that “[a]ll prosecutions except on a plea of guilty or guilty but mentally ill 
shall be tried by the court and a jury unless the defendant waives a jury trial in writing.
”  (Emphasis added.)  725 ILCS 5/115-1 (West 1998).  While the written waiver requirement “should be complied with by trial courts in every case, * * * the failure to do so does not result in reversal so long as the defendant’s waiver was made understandingly 
in accordance with section 103-6 of the Code of Criminal Procedure
.”  (Emphasis added.)  
People v. Tooles
, 177 Ill. 2d 462, 468 (1997), citing 725 ILCS 5/103-6 (West 1992); 
People v. Smith
, 106 Ill. 2d 327, 334 (1985).  Accord 
People v. Scott
, 186 Ill. 2d 283, 284-85 (1999).  “Thus, a defendant validly waives his right to a jury trial only if [that waiver is] made (1) understandingly; and (2) in open court.”  
Scott
, 186 Ill. 2d at 285, citing 725 ILCS 5/103-6 (West 1992).  An accused typically speaks and acts through his attorney, and therefore a jury waiver is valid when "made by defense counsel in defendant’s presence where defendant [gives] no indication of any objection to the court hearing the case.”  
People v. Frey
, 103 Ill. 2d 327, 332-33 (1984).  

No written jury waiver has been included in the record on appeal nor does the half-sheet include a notation indicating that defendant waived a jury.  In fact, the State concedes in its brief that “[i]t is clear that because of the many trial dates, the motion and bench trial having been heard simultaneously, and the three-defendant trial, the court did not secure a formal jury waiver.”  Nonetheless, the State maintains that defendant waived his right to a jury trial because he was present at various hearings when a bench trial was mentioned and because he acquiesced in his attorney’s indication that the case should be set for a bench trial.  

Our supreme court recently addressed the issue of jury waiver in 
People v. Scott
, which we find to be instructive.  In that case, 
the defendant, who had prior convictions (
Scott
, 186 Ill. 2d at 290 (Freeman, C.J., dissenting)), executed a written jury waiver in his attorney’s office, which was later filed outside of the defendant’s presence.  On the day of trial and in the defendant’s presence, the following colloquy occurred:

“MR. WILLIAMS [defendant’s counsel]: And we would proceed to the bench trial today.

THE COURT: Okay, Defendant files motion to dismiss.  States Attorney given two weeks to file responsive pleading.  Okay, we’ll proceed to the bench trial, then?

* * *

THE COURT: Okay, appreciate that., [
sic
] okay.  We will then proceed with the bench trial.  Mr. Vaughan, you may proceed.”  
Scott
, 186 Ill. 2d at 284.

The court concluded that this exchange between the trial court and the defendant’s attorney was insufficient to constitute an acknowledgment of the waiver in open court.  
Scott
, 186 Ill. 2d at 285.  In rejecting the State's contention that references on the day of trial to proceeding with a bench trial constituted an acknowledgment of the waiver in open court, our supreme court stated, "We have never found a valid jury waiver where the defendant was not present in open court when a jury waiver, written or otherwise, was at least discussed."  
Scott
, 186 Ill. 2d at 285.  The 
Scott
 court also noted that references to proceeding with a bench trial were not particularly significant because they arose in a dialogue between the trial court and defendant's attorney regarding a motion to dismiss.  The 
Scott
 court determined that, in this context, defendant's attorney was "merely indicating that despite the pending motion to dismiss, defendant was ready to proceed."  
Scott
, 186 Ill. 2d at 286.

In the instant case, at the status hearing on March 1, 1996, defendant's attorney apparently decided to demand trial because the State was unprepared to proceed with a hearing on a motion.  The trial court inquired, "Are you indicating juries at this time or benches?"
  Defendant's attorney replied, "bench."  The trial court and the attorneys continued to discuss scheduling matters, and the trial court concluded by stating, “Defendants are demanding trial, March 29
th
.  Each one will be a bench.”  At each of the other dates on which the case was before the trial court, March 29, 1996, April 26, 1996, May 10, 1996, and June 5, 1996, either the assistant State’s Attorney or the trial judge indicated that the case was set for bench trial, and on two of these occasions defendant’s attorney so indicated.  However, nothing was said at any of these pretrial hearings that would have indicated to defendant that he had a right to a jury trial or that his right to a jury trial was being waived.  Likewise, on the day of trial, there was no discussion of defendant’s right to trial by jury or waiver of that right.  Neither defendant’s attorney nor the trial court made any mention of whether the trial would be a jury trial or a bench trial.  Rather, the trial court inquired whether the motion to suppress statements would be heard before trial or simultaneous with trial, and then proceeded directly to opening statements.

We conclude that these references to a bench trial are insufficient to constitute a "discussion" of jury waiver in open court.  See 
Scott
, 186 Ill. 2d at 285.  The majority of references were made either by the assistant State's Attorney or the trial court.  On one date defendant indicated that he did not want to go through a motion, but otherwise remained silent.  Defendant's attorney made only three references to a bench trial.  The first reference occurred on March 1, 1996, when he apparently decided to demand trial because the State was unprepared to proceed with a hearing on a motion
.  Similar to the situation in 
Scott
, in this context his statement did not constitute waiver of defendant's right to trial by jury but was merely an indication that 
 despite the unresolved motion he would demand trial in an effort to avoid further delay.  On April 26, 1996, the court stated that the case was continued by agreement to May 10 for bench trial.  In replying, "[b]ench trial and motions," defendant's attorney merely reminded the trial court that the motion to suppress had not yet been considered.  Likewise, on June 5, 1996, when engaged in scheduling discussions, defendant's attorney clarified that the matter had to be set for "[m]otion and bench" not just for a hearing on the motion.

Moreover, from the record on appeal, which is apparently complete, we cannot discern with certainty whether defendant was in open court at any time other than the status hearing on May 10, 1996, and trial on June 27, 1996.  On the only two dates when we know that defendant was in open court neither defendant nor his attorney made any statement regarding jury waiver or proceeding by bench trial.  See 
People v. Taylor
, 291 Ill. App. 3d 18, 20 (1997) (where record is sufficiently complete jury waiver will not be found on basis of silent record), citing 
Smith
, 106 Ill. 2d at 336-37.  But see 
People v. Lombardi
, 305 Ill. App. 3d 33, 40 (1999).  Under similar circumstances, courts have repeatedly concluded that the defendant did not understandingly waive his right to a jury trial.  
Scott
, 186 Ill. 2d at 285; 
People v. Eyen
, 291 Ill. App. 3d 38, 43 (1997) (“where nothing is stated in defendant’s presence to suggest that defendant has an option between a bench trial and a jury trial, we cannot deem defendant to have acquiesced knowingly in his counsel’s participation in a bench trial”);
 
Taylor
, 291 Ill. App. 3d at 20-21 (reversal warranted where, in the absence of a written jury waiver, there “is no express indication that the defendant was ever given a choice of a bench or a jury trial”); 
People v. Roberts
, 263 Ill. App. 3d 348, 351-52 (1994) (“defendant’s silence during the trial court’s few references to a bench trial and her simple acquiescence to the bench trial at the time it occurred are not sufficient to show she knowingly waived her right to a jury trial, in the absence of some affirmative action by her or by her attorney while she was present”); 
People v. Watson
, 246 Ill. App. 3d 548, 549 (1993) (vague references to a bench trial at rescheduling conferences insufficient to constitute valid jury waiver, particularly where “record is devoid of evidence suggesting that the defendant was ever apprised of his right to a jury trial”).  See 
People v. Evans
, 243 Ill. App. 3d 72, 78-81 (1993) (jury waiver cannot be inferred from silence of defendant or his attorney when case is called for trial). 

Those cases relied upon by the State are distinguishable from the case at bar.  In 
Frey
, 103 Ill. 2d at 333, the court specifically noted that the defendant was in court prior to trial “when the jury waiver was discussed.”  See 
Scott
, 186 Ill. 2d at 285 (distinguishing 
Frey
).  Similarly, in 
People v. George
, 263 Ill. App. 3d 968 (1993), several discussions occurred in the defendant’s presence which would have indicated to him that he could choose whether to proceed by jury trial or bench trial.  Unlike the instant case, where there is no mention of waiver, in both 
People v. Sailor
, 43 Ill. 2d 256 (1969), and 
People v. Asselborn
, 278 Ill. App. 3d 960 (1996), there was an affirmative statement that a jury was being waived. 

To the extent that our decision is inconsistent with 
People v. Lake
, 297 Ill. App. 3d 454 (1998), we decline to follow that decision.  We also note that it was decided prior to our supreme court’s decision in 
Scott
. 

Although no set admonition or advice is required before an effective waiver of the right to trial by jury may be made, the decisions of our supreme court "have imposed on the circuit courts the duty of ensuring that a defendant's waiver of his right to a jury trial be made expressly and understandingly."  
Smith
, 106 Ill. 2d at 334, citing 
County of McLean v. Kickapoo Creek, Inc.
, 51 Ill. 2d 353 (1972), 
People v. Surgeon
, 15 Ill. 2d 236 (1958), and 
People ex rel. Swanson v. Fisher
, 340 Ill. 250 (1930).  Thus, we again reiterate:

" ‘ It takes but a few moments of a trial judge’s time to directly elicit from a defendant a response indicating that he understands that he is entitled to a jury trial, that he understands what a jury trial is, and whether or not he wishes to be tried by a jury or by the court without a jury.  This simple procedure incorporated in the record will reduce the countless contentions raised in the reviewing courts about jury waivers.’ "  
People v. Chitwood
, 67 Ill. 2d 443, 448-49 (1977), quoting 
People v. Bell
, 104 Ill. App. 2d 479, 482 (1969). 

Accord 
Scott
, 186 Ill. 2d at 288 (Bilandic, J., specially concurring).

We have examined the evidence solely to avoid the risk of subjecting defendant to double jeopardy.  See 
People v. Taylor
, 76 Ill. 2d 289, 309-10 (1979); 
People v. Lach
, 302 Ill. App. 3d 587, 591 (1998).  After reviewing the evidence in a light most favorable to the prosecution, as we must (
People v. Collins
, 106 Ill. 2d 237, 261 (1985)), we conclude that a rational trier of fact could have found all of the elements of each offense beyond a reasonable doubt. 

Finally, defendant challenges the trial court's imposition of consecutive sentences.  In the event that this issue recurs on remand, we direct the trial court's attention to 
People v. Whitney
, 188 Ill. 2d 91 (1999).

For the reasons previously set forth, we reverse the judgment of the circuit court and remand this matter for a new trial.

Reversed and remanded.

O'MARA FROSSARD, P.J.,  and GALLAGHER, J., concur.

FOOTNOTES
1:
Although the mittimus reflects that defendant was also convicted of aggravated battery with a firearm and sentenced to a six-year prison term to be served consecutively with his other sentences, the State concedes that the trial court did not intend to sentence defendant on that offense and that the mittimus should be corrected.  The report of proceedings is unclear with respect to this matter.  However, due to our disposition of this appeal and the unlikelihood that this situation will recur, we need not address this issue.