NOTICE
This Order was filed under
Supreme Court Rule 23 and is
not precedent except in the
limited circumstances allowed
under Rule 23(e)(1).

2022 IL App (4th) 210052-U

NO. 4-21-0052

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
January 31, 2022
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
|     Plaintiff-Appellee, | ) | Circuit Court of |
|     v. | ) | Livingston County |
| JUAN ANDERSON, | ) | No. 20CF80 |
|     Defendant-Appellant. | ) | |
| | ) | Honorable |
| | ) | Jennifer H. Bauknecht, |
| | ) | Judge Presiding. |
| | ) | |

JUSTICE TURNER delivered the judgment of the court.
Justices Harris and Steigmann concurred in the judgment.

**ORDER**

¶ 1   *Held:*   Defendant forfeited his claim the trial court erred by failing to admonish him of his right to a jury trial before accepting his guilty plea.

¶ 2   On September 16, 2020, pursuant to a negotiated plea agreement, defendant pled guilty to an amended charge of aggravated unlawful use of a weapon (720 ILCS 5/24-1.6(a)(1), (a)(3)(B-5), (a)(3)(C) (West 2020)) in exchange for an agreed sentence of 24 months' probation with costs, fines, and assessments and the dismissal of the remaining charges in this case. Defendant appeals, arguing his guilty plea should be vacated because he did not knowingly and intelligently waive his right to a jury trial because he was not properly admonished by the trial court. We affirm.

¶ 3                          I. BACKGROUND

¶ 4   On April 14, 2020, the State charged defendant by information with possession of

a firearm without a firearm owner's identification card (430 ILCS 65/2(a)(1) (West 2020)), aggravated unlawful use of a weapon (720 ILCS 5/24-1.6(a)(1), (a)(3)(B-5), (a)(3)(C) (West 2020)), and unlawful possession of a weapon by a felon (720 ILCS 5/24-1.1(a) (West 2020)).

¶ 5         At a hearing over Zoom on May 19, 2020, in which both defendant and defense counsel participated, defendant waived his right to a both a preliminary hearing and a formal reading of the charges against him. Defense counsel entered a not guilty plea on defendant's behalf and asked the trial court to place the matter "on the September jury calendar." The trial court then stated: "Okay. I'll enter a plea of not guilty to the charges. I'll place this on the September jury calendar, the week of September 21st. Final pretrial then will be August 26th at 11 a.m." At the same hearing, when discussing defendant's waiver of the formal extradition process, the trial court told defendant that if he did not return to Livingston County, "the State can proceed with a trial, including a jury trial, in [defendant's] absence." Defendant stated he understood.

¶ 6         On August 18, 2020, defendant filed a motion to suppress evidence recovered during an allegedly illegal search which led to the charges in this case.

¶ 7         On September 16, 2020, the State filed an amended information changing the aggravated unlawful use of a weapon charge to allege defendant was carrying a weapon on his person rather than in his vehicle, and defendant signed a written trial waiver and guilty plea which was also filed with the court. One of the admonitions in the written document states, "I am aware of my right to have a trial by either a jury or by a judge sitting alone without a jury, at my choice." Further, the document states, "I am aware that if I plead guilty to the charged offense, I give up the rights I have listed above and there will be no trial at all, and by doing so I admit that I have committed the charged offense."

¶ 8      At a hearing also on September 16, 2020, the trial court stated the parties had asked the court to take up a previously unscheduled matter—a proposed plea agreement. The court then went over the terms of the agreement. Defendant agreed to plead guilty to the amended aggravated unlawful use of a weapon charge and be sentenced to 24 months' probation in exchange for the State dropping the remaining charges in this case. The court also indicated:

> "[Defendant] would have 180 days in Livingston County Jail. That is all stayed pending compliance which means you don't have to serve that jail time now. As long as you are in compliance with this probation order, you will not have to serve that. And you do have credit for two days that you have already served."

The court also indicated he would have to perform 100 hours of community service and not use cannabis or alcohol or enter any place where alcohol or cannabis is the principal business. The court also advised defendant of his financial obligations if the court accepted the plea agreement.

¶ 9      Before accepting defendant's plea, the trial court told defendant he was giving up a number of rights, including his right to plead not guilty, the right to make the State prove his guilt beyond a reasonable doubt, the right to confront and cross examine the State's witnesses, the right to present evidence on his behalf, and the right to subpoena witnesses to testify at trial. The court noted defendant had filed a motion to suppress and would be giving up any right to pursue the motion.

¶ 10      The trial court also told defendant the conviction could have consequences including deportation, exclusion from admission to the United States, or denial of naturalization if defendant was not a citizen of the United States. Defendant stated he understood. The court also advised defendant of the minimum and maximum possible sentences. Defendant indicated he had no questions with regard to the sentencing range.

¶ 11        Defendant stated no one was forcing him to enter the guilty plea or promising him anything other than what was in in the plea agreement.  The trial court accepted defendant's plea, finding it knowing and voluntary.  The court then sentenced defendant pursuant to the terms of the plea agreement.  The court advised defendant he would need to file a motion to withdraw his guilty plea within 30 days if he wanted to appeal.  The court then stated, "I'll show this matter stricken from the October jury calendar, and the October 7th motion to suppress is vacated."

¶ 12        On October 14, 2020, defendant filed a motion to withdraw or vacate his guilty plea.  The motion alleged his plea was not voluntary and he had a defense worthy of consideration.  According to the motion, the illegal search occurred in Grundy County, not Livingston County.  Further, fingerprints were not found on the weapon and ammunition, and the items recovered had no indicia of ownership.  As a result, defendant argued his plea should be vacated.  Defendant attached his own affidavit to the motion, stating he was under duress at the time of his plea because he was afraid of being infected by COVID-19 due to his health conditions, had traveled a long distance to court and was fatigued when he entered his plea, was afraid he would suffer severe consequences if he did not plead guilty because of the influence of Officer Butts and the Dwight Police Department in the Livingston County courts, and felt he did not have a choice other than to plead guilty after speaking with Chief Tim Henson of the Dwight Police Department.  According to his affidavit:

> "At the time of my plea, I did not understand the ramifications of being on probation and not being able to travel to Texas, which is where my business is located.  I do not have a traditional residence.  I work from multiple locations as an over the road truck driver and I cannot continue with that work without having permission from the Probation Department to leave the State of Illinois."

He alleged he felt like a victim of racial targeting with everyone in the courthouse wanting him to plead guilty.

¶ 13        On November 4, 2020, defendant did not appear for a hearing.  At a hearing on November 18, defendant appeared via telephone.  The trial court noted it was not able to get a Zoom call working properly.  Defendant said he did not want to move forward by speaker phone and also wanted to proceed *pro se*.  The court told defendant he would need to be personally present in court if he wanted to go forward without his current counsel.  The court set an in-person hearing for December 21, 2020.

¶ 14        On December 3, 2020, the State filed a petition to revoke defendant's probation because he failed to report and left the State of Illinois in November 2020 without permission.  Defendant advised his probation officer he moved to Texas.  On December 18, 2020, the State supplemented the petition, noting defendant's physical whereabouts were unknown and he refused to cooperate with his probation officer.

¶ 15        On December 21, 2020, defendant did not appear for the hearing on the motion to withdraw his guilty plea.  Defendant's attorney was present and indicated he had filed a motion to continue the hearing on defendant's motion to withdraw his guilty plea.  Defendant's request to continue the hearing was denied.  The court found defendant was not acting in good faith.  As for defendant's motion to withdraw his plea, the trial court denied the motion.  The court also vacated the appointment of defendant's counsel.

¶ 16        On January 5, 2021, defendant filed a *pro se* motion to vacate his plea agreement because of "threatening unjust antics" and because the search and arrest occurred outside the court's jurisdiction.  On January 14, 2021, the trial court struck the *pro se* motion.

¶ 17        On January 29, 2021, this court allowed defendant's motion for leave to file a late

notice of appeal.

¶ 18                                    II. ANALYSIS

¶ 19          On appeal, defendant argues his guilty plea should be vacated because the trial court failed to properly admonish him as required by Illinois Supreme Court Rule 402 (eff. July 1, 2012). Specifically, defendant argues the trial court during the Rule 402 admonitions failed to advise defendant he was waiving his right to a jury trial.

¶ 20          Citing Illinois Supreme Court Rule 604(d) (eff. July 1, 2017), the State argues defendant forfeited this argument on appeal. Under Rule 604(d), a defendant who entered a negotiated guilty plea must file a motion to withdraw his guilty plea if he wants to proceed with an appeal, and any issue not raised in the motion to withdraw is forfeited on appeal. Ill. S. Ct. R. 604(d) (eff. July 1, 2017). While defendant filed a motion to withdraw his plea, he did not do so based upon the trial court's admonitions, which he now asserts were insufficient. Defendant acknowledges his procedural forfeiture but asks this court to excuse it under the plain error doctrine.

¶ 21          According to our supreme court:

          "[A] reviewing court may exercise discretion and excuse a defendant's procedural default. [Citation.] We have traditionally identified two instances when it is appropriate to do so: (1) when a clear or obvious error occurred and the evidence is so closely balanced that the error alone threatened to tip the scales of justice against the defendant, regardless of the seriousness of the error, or (2) when a clear or obvious error occurred and that error is so serious that it affected the fairness of the defendant's trial and challenged the integrity of the judicial process, regardless of the closeness of the evidence." (Internal quotation marks

omitted.)  *People v. Sebby*, 2017 IL 119445, ¶ 48, 89 N.E.3d 675.

The first step under either prong of the plain error analysis is to determine whether a clear or obvious error occurred.  *Sebby*, 2017 IL 119445, ¶ 49.

¶ 22          In his opening brief, the totality of defendant's argument pertaining to why plain error compels reversal of the trial court's judgment is as follows:  " 'Whether a defendant's fundamental right to a jury trial has been violated is a matter that may be considered under the plain error rule.' [Citations.]  Because [defendant's] right to a jury trial was violated by the invalid jury waiver, he asks this Court to review his claim under the plain error rule."

¶ 23          In his reply brief, defendant for the first time argues the trial court's incomplete admonitions constituted second-prong plain error.  In support, defendant cites *People v. Thompson*, 238 Ill. 2d 598, 939 N.E.2d 403 (2010).  However, the issue in *Thompson* was whether the trial court's failure to comply with Illinois Supreme Court Rule 431(b) (eff. May 1, 2007) required the reversal of defendant's conviction.  *Thompson*, 238 Ill. 2d at 605, 939 N.E.2d at 408.  Thus, the supreme court's discussion pertaining to forfeiture and second-prong plain error did not involve Rule 402.  See generally *Thompson*, 238 Ill. 2d at 608-15, 939 N.E.2d at 410-14.  Further, the supreme court found the supreme court rule violations at issue in *Thompson* did not constitute structural error or second-prong plain error.  *Thompson*, 238 Ill. 2d at 613-15, 939 N.E.2d at 413-14.  Accordingly, *Thompson* does not support defendant's position on appeal.

¶ 24          Also, in his reply brief, defendant referenced the citations in his opening brief to *People v. Bracey*, 213 Ill. 2d 265, 821 N.E.2d 253 (2004); *People v. Owens*, 336 Ill. App. 3d 807, 784 N.E.2d 339 (2002); and *People v. Williamson*, 311 Ill. App. 3d 54, 724 N.E.2d 167 (1999).  However, the case *sub judice* is distinguishable from *Bracey*, *Owens*, and *Williamson* because the defendants in those cases did not enter guilty pleas.  Defendant here entered a

negotiated guilty plea and does not contend he did not know he was giving up his right to a trial.

¶ 25 In *Bracey,* our supreme court stated, "The right to a trial by jury is a fundamental right guaranteed by our federal and state constitutions." *Bracey*, 213 Ill. 2d at 269, 821 N.E.2d at 255. A defendant's waiver of his right to a jury trial "must be knowingly and understandingly made" to be valid. *Bracey*, 213 Ill. 2d at 269, 821 N.E.2d at 255. No precise formula exists for determining whether a jury waiver is valid. *Bracey*, 213 Ill. 2d at 270, 821 N.E.2d at 256. Instead, courts look at the particular facts and circumstances of each case. *Bracey*, 213 Ill. 2d at 269, 821 N.E.2d at 256. In this case, because the trial court did not admonish defendant of his right to a jury trial at the plea hearing, defendant contends he did not knowingly waive his right to a jury trial and his plea should be vacated.

¶ 26 The State argues defendant was not prejudiced by the trial court's failure to tell defendant he had the right to a jury trial at the guilty plea hearing. Defendant asserts prejudice is presumed. We disagree. Our supreme court has stated, "The failure to properly admonish a defendant, alone, does not automatically establish grounds for reversing the judgment or vacating the plea." *People v. Davis*, 145 Ill. 2d 240, 250, 582 N.E.2d 714, 719 (1991). "Whether reversal is required depends on whether real justice has been denied or whether defendant has been prejudiced by the inadequate admonishment." *Davis*, 145 Ill. 2d at 250, 582 N.E.2d at 719. As a result, we will not automatically presume the trial court's failure to admonish defendant of his right to a jury trial before accepting defendant's negotiated plea prejudiced defendant.

¶ 27 Although not directly on point, when discussing admonishments that failed to comply with the requirements of Rule 431(b), our supreme court in *Sebby* stated: "A Rule 431(b) violation is not cognizable under the second prong of the plain error doctrine, *absent evidence that the violation produced a biased jury*." (Emphasis added.) *Sebby*, 2017 IL 119445,

¶ 52. Additionally, our supreme court has held every violation of a supreme court rule does not require reversal. *Thompson*, 238 Ill. 2d at 609, 939 N.E.2d at 411.

¶ 28 Here, we do not have a situation where the trial court never mentioned the option of a jury trial during the course of the proceedings or led defendant to believe he did not have the right to a jury trial. At a hearing conducted over Zoom on May 19, 2020, in which defendant and his attorney both participated, defense counsel asked the trial court to place defendant's case "on the September *jury* calendar." (Emphasis added.) The court responded it would place the case "on the September *jury* calendar, the week of September 21st." (Emphasis added.) Further, at the same hearing, the trial court told defendant that if he did not return to Livingston County, "the State can proceed with a trial, *including a jury trial*, in your absence." (Emphasis added.) Accordingly, the trial court had previously made defendant aware of his option for a jury trial prior to the guilty plea hearing. Moreover, after defendant entered his guilty plea, the court and defendant had the following exchange:

> THE COURT: I'll show this matter stricken from the October jury
> calendar, and the October 7th motion to suppress is vacated.
> Good luck, Mr. Anderson.
> THE DEFENDANT: Thank you for telling me that."

Thus, at the conclusion of the guilty plea hearing, the trial court made defendant aware his case was stricken from the jury calendar.

¶ 29 In addition, on the day defendant entered his guilty plea, he signed a written trial waiver and guilty plea which specifically stated he was aware of his right to either a jury or bench trial and was aware he was giving up his right to a trial of any kind by pleading guilty. We recognize the presence of a written waiver "is not always dispositive of a valid waiver."

*Bracey*, 213 Ill. 2d at 270, 821 N.E.2d at 256. However, while not always dispositive, the presence of this signed document cuts against any claim defendant suffered any prejudice or was denied real justice by the trial court's incomplete admonishment.

¶ 30　　Defendant's reliance on *Bracey*, which was decided before both *Sebby* and *Thompson*, is misplaced. As stated earlier, the defendant in *Bracey* did not enter a guilty plea. *Bracey*, 213 Ill. 2d at 266-67, 821 N.E.2d at 254. Moreover, in *Bracey*, the defendant executed a written jury waiver and proceeded to a bench trial after being duly admonished of his right to a jury trial. Defendant was subsequently found guilty at the bench trial, but the trial judge later vacated his finding of guilt and set the matter for a new trial before a different judge. *Bracey*, 213 Ill. 2d at 267-68, 821 N.E.2d at 254-55. Then, when the case was reassigned to a different judge, the new judge stated: "Cause comes on for bench trial. I just verified to be sure *** there was a jury waiver taken, and I see that there was ***." *Bracey*, 213 Ill. 2d at 268, 821 N.E.2d at 255.

¶ 31　　However, the defendant's waiver of his right to a jury trial came before his first trial. *Bracey*, 213 Ill. 2d at 267, 821 N.E.2d at 254. The supreme court held the admonishments defendant received and defendant's written waiver were no longer in effect after the first trial terminated. *Bracey*, 213 Ill. 2d at 271, 821 N.E.2d at 257. Moreover, nothing in the record indicated the defendant was ever advised he would have the choice to be tried by a jury upon retrial. Instead, everything in the record indicated the "defendant was led to believe that his jury waiver *** obligated him to a bench trial once again." *Bracey*, 213 Ill. 2d at 272, 821 N.E.2d at 257. Unlike the situation in *Bracey*, where the written jury waiver became a nullity, defendant's signed jury waiver here was filed with the court at the guilty plea hearing, and nothing in the record suggests the written waiver was not knowingly or voluntarily made.

¶ 32 In light of the circumstances and facts present here, we conclude the trial court's failure to admonish defendant about his right to a jury trial at the guilty plea hearing does not constitute second-prong plain error. Defendant does not argue he thought he would still have a trial after he entered his guilty plea. Further, he does not claim he would not have entered his guilty plea if he had been admonished correctly. This record does not demonstrate the trial court's incomplete Rule 402 admonishment affected the fairness of the proceedings and challenged the integrity of the judicial process. As a result, we will honor defendant's procedural forfeiture.

¶ 33 III. CONCLUSION

¶ 34 For the reasons stated, we affirm the trial court's judgment.

¶ 35 Affirmed.