NOTICE
This Order was filed under
Supreme Court Rule 23 and is
not precedent except in the
limited circumstances allowed
under Rule 23(e)(1).

2025 IL App (4th) 250589-U

NOS. 4-25-0589, 4-25-0590 cons.

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
December 8, 2025
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| *In re* D.M., a Minor | ) | Appeal from the |
| | ) | Circuit Court of |
| (The People of the State of Illinois, | ) | Winnebago County |
|         Petitioner-Appellee, | ) | Nos. 23JD54, |
|         v. | ) |     24JD69 |
| D.M., | ) | |
|         Respondent-Appellant). | ) | Honorable |
| | ) | Donna R. Honzel, |
| | ) | Judge Presiding. |

JUSTICE GRISCHOW delivered the judgment of the court.
Justices Vancil and Cavanagh concurred in the judgment.

**ORDER**

¶ 1    *Held*:    The appellate court affirmed the delinquency adjudication of a minor, holding (1) the trial court did not abuse its discretion in denying the minor's motions to withdraw his guilty plea on the basis of a misapprehension of law and (2) the failure to admonish the minor of his right to a jury trial was not reversible as plain error or ineffective assistance counsel. However, the court modified the minor's adjudicatory and sentencing orders to vacate the finding of delinquency and sentence for unlawful possession of a stolen vehicle as violative of the one-act, one-crime rule.

¶ 2    Respondent, D.M., a minor, was adjudicated delinquent after he pleaded guilty to charges of unlawful possession of a stolen vehicle (625 ILCS 5/4-103(a)(1) (West 2022)), theft (720 ILCS 5/16-1(a)(1)(A) (West 2022)), and criminal trespass to vehicles (*id.* § 21-2(a)). At the time of respondent's plea, an agreed order was entered designating the proceedings as an extended juvenile jurisdiction (EJJ) proceeding pursuant to section 5-810 of the Juvenile Court Act of 1987 (Juvenile Court Act) (705 ILCS 405/5-810 (West 2024)). Pursuant to the guilty plea,

the trial court sentenced respondent to juvenile probation. The court also sentenced respondent to adult sentences of four years in prison on each of the unlawful possession of a stolen vehicle and theft charges. The adult sentences were stayed on the condition that respondent not violate the provisions of the juvenile sentence. Thereafter, respondent filed motions to withdraw his guilty plea, which were denied by the court. Respondent appealed, arguing (1) the court abused its discretion in denying his motions to withdraw his guilty plea due to a misapprehension of the law; (2) his guilty plea was not knowing and voluntary because he was never admonished of his right to a trial by jury in the EJJ proceeding and, consequently, he never waived his right to a trial by jury; and (3) adjudications of delinquency for both unlawful possession of a stolen vehicle and theft violated the one-act, one-crime rule. We affirm respondent's adjudications as a delinquent minor for theft and criminal trespass to vehicles but modify the adjudicatory and sentencing orders to vacate the adjudication of delinquency for the offense of unlawful possession of a stolen vehicle.

¶ 3                               I. BACKGROUND

¶ 4        The State filed a delinquency petition in case No. 23-JD-54 on February 23, 2023, pursuant to section 5-520 of the Juvenile Court Act (705 ILCS 405/5-520 (West 2022)), alleging the 16-year-old respondent was a delinquent minor. The petition alleged two counts: (1) unlawful possession of a stolen vehicle (625 ILCS 5/4-103(a)(1) (West 2022)) and (2) theft (720 ILCS 5/16-1(a)(1)(A) (West 2022)). The State filed another delinquency petition on April 2, 2024, in case No. 23-JD-69, alleging respondent (now 17 years old) committed: (1) aggravated battery (*id.* § 12-3.05(d)(4)); (2) criminal trespass to vehicles (*id.* § 21-2(a)); and (3) resisting a police officer (*id.* § 31-1(a)). Respondent had additional delinquency charges pending in two other cases.

¶ 5        On April 23, 2024, the parties agreed to designate case No. 23-JD-54 as an EJJ proceeding and respondent pleaded guilty to the offenses of unlawful possession of a stolen vehicle (case No. 23-JD-54), theft (case No. 23-JD-54), and criminal trespass to vehicles (case No. 24-JD-69). The State agreed to dismiss the other charges in case No. 24-JD-69 and the charges in two other cases pursuant to the guilty plea.

¶ 6        Prior to accepting the guilty plea, the trial court addressed respondent and attempted to admonish him in accordance with Illinois Supreme Court Rule 402 (eff. July 1, 2012), despite repeated interruptions by respondent. The court informed respondent of the nature of the three charges to which he was pleading guilty, the minimum and maximum sentences associated with each charge, and his right to plead not guilty. Respondent confirmed his understanding of this information. The court informed respondent that he had "a right to have a trial on every single count." With respect to the EJJ designation, the court informed respondent that he had a right to have a hearing before it was designated as an EJJ proceeding, and respondent agreed no one forced him to agree to the designation. Respondent also indicated he understood the consequences of an EJJ designation. Prior to hearing the factual basis for the plea from the State, the court reminded respondent:  "[Y]ou're not going to have a trial, which you have a right to have." Then the following exchange occurred:

> "THE COURT: Okay. And you understand that for both of these, you're not going to have a trial, which you have a right to have, instead, I will hear a brief statement of facts from the State's Attorney.
>
> [RESPONDENT]: I want you to know that the only reason I'm not going to trial is because it's under y'all, you see what I'm saying? Like, it's up to y'all. Y'all been doing me bogus.

THE COURT: It is not. You have every right to go to a trial. I have got a trial date set for you. If you want to have a trial date, I'm more than happy to give you a trial date.

[RESPONDENT]: I'll do that if you let me out on home confinement today.

THE COURT: Okay. There's no bargaining like that.

[RESPONDENT]: You see what I'm saying? Why can't you just hear me out though?

* * *

THE COURT: So [respondent], court is accusations. We call them allegations, but they're, they're accusations, and they're either true or not true. And you either admit them or you don't, and we go to trial, if you don't. You have that choice. And you've told me that you understand that and that you're willing to give up the right to a trial to have these taken care of as well as get the majority of cases, I mean, you're only pleading to three cases. The most of them, I don't know how many, at least eight are being dismissed. So, I mean, it's not a bad deal. It's actually a pretty good deal, quite frankly. But, you know, it's up to you whether you want to take it or not. Is that what you want to do?

[RESPONDENT]: Yeah."

¶ 7 The State presented the factual basis for the charges. Defense counsel agreed that these would be the facts presented by the State, and if accepted by the trier of fact, they would support findings of guilt. Respondent signed a "Plea of Guilty in Juvenile Court" in both cases. It stated, "I, [D.M.], of my own free will, voluntarily waive and give up my right to trial by the

- 4 -

Court and confrontation of witnesses and plead guilty" to the allegations in the two delinquency petitions. Respondent also signed the agreed order to designate case No. 23-JD-54 as an EJJ proceeding. The agreed upon order provided:

> "Pursuant to 705 ILCS 405/5-810(6) if, upon a filing of a Petition to Revoke the Stay of the Adult Sentence, and, after hearing, the Court finds by a preponderance of the evidence that the minor has committed a new criminal offense of a Class C misdemeanor or greater, the Court shall order the execution of the previously stayed [adult sentence], or if, after hearing, the Court finds by a preponderance of the evidence that the minor has violated the provisions of his [juvenile] sentence, the Court may order execution of the previously stayed [adult sentence]."

¶ 8 Pursuant to the plea, the trial court adjudicated respondent delinquent for the offenses of unlawful possession of a stolen vehicle, theft, and criminal trespass to vehicles. The court entered probation orders in both juvenile cases (case Nos. 23-JD-54 and 23-JD-69), sentencing respondent to 24 months of juvenile probation in each case. The court also entered a separate agreed order in case No. 23-JD-54, sentencing respondent to adult sentences of four years in prison on each of the two felony charges in that case. The order notes that, pursuant to the EJJ statute (705 ILCS 405/5-810(4)(ii) (West 2024)), the adult sentences were stayed on the condition that respondent not violate the provisions of the juvenile sentence. Pursuant to the guilty plea, a number of other charges were dismissed. The court proceeded to admonish respondent that any motion to withdraw his plea of guilty had to be filed within 30 days.

¶ 9 On May 22, 2024, respondent, through defense counsel, filed identical motions to withdraw his guilty plea and vacate the judgments and dispositions in case Nos. 23-JD-54 and 24-JD-69. The motions alleged respondent's guilty plea was not voluntary in that he felt

compelled to enter a plea of guilty because it was the only way to be released from custody on that day. Subsequently, after transcripts of the plea proceeding had been obtained, respondent's defense counsel filed amended motions to withdraw the guilty plea. The amended motions added the allegation that respondent did not fully understand the consequences of his guilty plea and his comments and questions at the time of the plea demonstrated his plea was not knowing and voluntary. The motions asserted respondent had been improperly admonished by the court that he could change his mind about his guilty plea within 30 days. Defense counsel filed a certificate in accordance with Illinois Supreme Court Rule 604(d) (eff. Apr. 15, 2024), certifying he had consulted with respondent to ascertain respondent's contentions of error, examined the records, and made necessary amendments to adequately present respondent's claims.

¶ 10    The trial court denied the motions to withdraw the guilty plea, finding that, in light of the entire transcript of the plea proceedings, respondent was properly admonished and his plea was voluntary. Respondent filed notices of appeal in both cases. The appeals were consolidated before this court on respondent's motion.

¶ 11                                    II. ANALYSIS

¶ 12    In this consolidated appeal, respondent challenges the trial court's denial of his motions to withdraw his guilty plea, the resulting adjudications for possession of a stolen vehicle, theft, and criminal trespass to vehicles, and the resulting sentences. Respondent raises three issues on appeal. First, respondent argues the court abused its discretion in denying his motions to withdraw his guilty plea. Second, respondent argues his guilty plea was not knowing and voluntary because he was never admonished of his right to a trial by jury. Lastly, if this court declines to allow respondent the opportunity to withdraw his guilty plea, respondent contends that the adjudications based upon delinquency for unlawful possession of a stolen vehicle and

- 6 -

theft violated the one-act, one-crime rule, so the less-serious offense must be vacated.

¶ 13                              A. Motions to Withdraw Guilty Plea

¶ 14          Respondent contends his guilty plea was not knowing and voluntary because he entered the plea under the mistaken impression he could withdraw his plea for any reason within 30 days after the plea. This argument was raised in respondent's motions to withdraw his guilty plea and rejected by the trial court. As the decision to grant or deny a motion to withdraw a guilty plea rests within the sound discretion of the trial court, such a decision is reviewed for an abuse of that discretion. *People v. Millsap*, 2022 IL App (4th) 210192, ¶ 18.

¶ 15          "A guilty plea operates as a waiver of important rights, and is valid only if done voluntarily, knowingly, and intelligently, 'with sufficient awareness of the relevant circumstances and likely consequences.' " *Bradshaw v. Stumpf*, 545 U.S. 175, 183 (2005) (quoting *Brady v. United States*, 397 U.S. 742, 748 (1970)). A defendant, though, does not have an absolute right to change his mind and withdraw his plea. *People v. Burge*, 2021 IL 125642, ¶ 37. Rather, the defendant must establish, under the facts of the case, that the plea process caused a manifest injustice. *Id.* "A guilty plea may be withdrawn where it was entered through a misapprehension of the facts or law or where there is doubt as to the guilt of the accused and justice would be better served by conducting a trial." *Id.* "Absent substantial objective proof that a defendant's mistaken impressions were reasonably justified, a defendant's subjective impressions are insufficient grounds on which to withdraw a guilty plea." *People v. Ferral-Mujica*, 2017 IL App (2d) 160240, ¶ 22.

¶ 16          Respondent contends he entered his guilty plea under a misapprehension of the law based upon the trial court's statement: "You also understand that you have 30 days to change your mind about what you just did." Respondent argues this statement misled him into thinking

- 7 -

he had the absolute right to change his mind and his misapprehension of the law was objectively reasonable.

¶ 17 Our review of the record reveals respondent has failed to show his plea was not voluntary or knowing or that the granting of his motions to withdraw his plea was necessary to correct a manifest injustice. Prior to accepting respondent's guilty plea, amidst interruptions from respondent, the trial court admonished respondent of his appeal rights and the necessity to first file a motion to withdraw his guilty plea. See Ill. S. Ct. R. 604(d) (eff. Apr. 15, 2024). The court informed respondent that the motion would need to state one of three things: (1) he wanted to "take back" or "withdraw" his plea, (2) "there should have been something done that was not," or (3) "everything was done but something was done improperly" at the plea proceedings. Respondent was admonished he would "have to put in all the whys, and they have to be reasons as to why you've chosen one of those three things." Respondent was also admonished that, if the motion to withdraw was properly filed, and if it was granted, all of the charges against him could be reinstated and the matters would be set for trial. Respondent indicated he understood. In denying respondent's motions to withdraw his guilty plea, the court found its explanation made it clear that withdrawal of respondent's guilty plea was not automatic. In addition, respondent's allegation his plea was based on a misapprehension of law was not objectively reasonable under the facts. As respondent has not identified a valid defense, demonstrated manifest injustice, or offered an objective basis for his alleged misunderstanding, we hold the court did not abuse its discretion in denying respondent's motions to withdraw the plea. See *People v. Delvillar*, 235 Ill. 2d 507, 519 (2009) ("An abuse of discretion will be found only where the court's ruling is arbitrary, fanciful, unreasonable, or no reasonable person would take the view adopted by the trial court.").

¶ 18                                    B. Right to Trial by Jury

¶ 19          Respondent argues his guilty plea was also not knowing and voluntary because he was never admonished of his right to a trial by jury. Respondent acknowledges his motions to withdraw his guilty plea did not assert this claim. However, he urges this court to consider the issue as plain error or, alternatively, as the result of ineffective assistance of counsel. The State contends, by virtue of the guilty plea, respondent waived rather than forfeited any challenge to the plea, so plain-error review is not applicable.

¶ 20          Generally, any issue not raised in a defendant's motion to withdraw his guilty plea, even a claim of a constitutional violation, is waived on appeal. Ill. S. Ct. R. 604(d) (eff. Apr. 15, 2024); *People v. Ratliff*, 2024 IL 129356, ¶ 26. Waiver, however, "is never inadvertent because it is an intentional relinquishment of a right." *Ratliff*, 2024 IL 129356, ¶ 26. Here, respondent contends he was not aware of his statutory right to a jury trial, and he was not properly admonished regarding that right before entering his guilty plea. Thus, he did not intentionally relinquish a known right but rather forfeited the claim of error for failing to a make a timely assertion of an unknown right. *Cf. id.* ¶ 24 (finding defendant, properly admonished under Rule 402(a), informed of his right to counsel and confirmed he wished to waive that right, and who never argued his plea was not knowing and voluntary, waived by virtue of his guilty plea any claim of earlier improper Illinois Supreme Court Rule 401 (eff. Jul. 1, 1984) admonishments). We may consider forfeited errors under the plain-error doctrine. See Ill. S. Ct. R. 615(a) (eff. Jan.1, 1967) ("Plain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the trial court."); *People v. Fuller*, 205 Ill. 2d 308, 322-23 (2002); see also *In re M.W.*, 232 Ill. 2d 408, 430 (2009) (holding forfeiture principles that apply in criminal proceedings apply in proceedings under the Juvenile Court Act).

¶ 21    The plain error doctrine allows review of a forfeited error in two instances: "(1) when a clear or obvious error occurred and the evidence is so closely balanced that the error alone threatened to tip the scales of justice against the defendant, regardless of the seriousness of the error, or (2) when a clear or obvious error occurred and that error is so serious it affected the fairness of the defendant's trial and challenged the integrity of the judicial process, regardless of the closeness of the evidence." (Internal quotation marks omitted.) *People v. Sebby*, 2017 IL 119445, ¶ 48.

The defendant bears the burden of persuasion under either prong to show the underlying forfeiture should be excused. *People v. Schoonover*, 2021 IL 124832, ¶ 26. Whether a forfeited claim is reviewable as plain error is a question of law that is reviewed *de novo*. *Id.* Under either prong, the first step is to determine whether a clear or obvious error occurred. *Id.* ¶ 49.

¶ 22    "In the adult criminal context, the right to a jury trial is a fundamental right guaranteed by the state and federal constitutions." *In re M.P.*, 2020 IL App (4th) 190814, ¶ 47. A waiver of that right must be knowing and voluntary. *Id.* While a trial court is not required to give any specific admonitions before accepting a jury trial waiver, it must ensure "that a defendant waives the right to a jury trial expressly and understandingly." *Id.* (quoting *People v. Bannister*, 232 Ill. 2d 52, 66 (2008)). The validity of a jury waiver must be analyzed and determined in the context of the particular facts and circumstances of the case. *Id.*

¶ 23    Here, respondent was a juvenile at the time of the offenses, and the charges against him were brought pursuant to a delinquency petition. Jury trials are not required for juveniles as a matter of due process. *In re Destiny P.*, 2017 IL 120796, ¶ 26. Juveniles who are subject to prosecutions that have been designated as an EJJ prosecution, however, have a

statutory right to a jury trial. 705 ILCS 405/5-810(3) (West 2024). This reflects the fact that such proceedings involve severe deprivations of liberty that are analogous to the deprivations imposed in adult criminal proceedings. *People ex rel. Birkett v. Konetski*, 233 Ill. 2d 185, 205 (2009); see *M.P.*, 2020 IL App (4th) 190814, ¶ 55 (finding habitual juvenile offender proceedings are more like criminal proceedings). A juvenile offender found guilty in an EJJ prosecution receives both a juvenile sentence and a stayed adult criminal sentence. The criminal sentence is only stayed, though, on the condition that the juvenile offender complies with the juvenile sentence. 705 ILCS 405/5-810(4) (West 2024).

¶ 24　　　　　After reviewing the record, we conclude respondent did not expressly and understandingly waive his right to a jury trial. There is no written jury waiver in either case record. There is no record of any discussion of respondent's right to a jury trial in the record of proceedings. While the trial court admonished respondent regarding his right to a trial, there is no mention of his right to a *jury* trial anywhere in the record. Thus, the record is, at best, silent concerning respondent's waiver of his right to a jury trial, and we do not presume respondent's silence constituted a valid waiver. See *In re R.A.B.*, 197 Ill. 2d 358, 368 (2001), *abrogated on other grounds by Destiny P.* (finding it could not presume a minor's silence constituted a valid waiver of his right to a jury trial when he was never informed of the right in open court and he had not been eligible for a jury trial in his prior delinquency proceedings). Having concluded a clear and obvious error occurred, we must determine if the forfeited error amounted to a plain error so as to excuse respondent's forfeiture.

¶ 25　　　　　As noted above, the plain-error doctrine has two prongs. Respondent primarily argues second-prong plain error, but, in his reply brief to this court, he also argues first-prong plain error. However, first-prong plain error requires a finding that the evidence was closely

balanced, and respondent does not make any argument regarding the evidence. See *People v. Herron*, 215 Ill. 2d 167, 186-87 (holding the first prong of the plain--error doctrine allows a reviewing court to consider an unpreserved error when defendant shows that "the evidence was so closely balanced that the error alone severely threatened to tip the scales of justice against him"). Accordingly, we conclude respondent cannot prevail under the first prong of the plain-error doctrine.

¶ 26　　　　To prevail under the second prong of the plain-error doctrine, a defendant must show the "error was so serious that it affected the fairness of the defendant's trial and challenged the integrity of the judicial process." *Id.* at 187. Under second-prong jurisprudence, regardless of the strength of the evidence, "[p]rejudice to the defendant is presumed because of the importance of the right involved." *Id.* In describing the serious error necessary for second-prong plain error, our supreme court has equated it with structural error, which is a very limited class of errors. *People v. Moon*, 2022 IL 125959, ¶ 28. Structural errors are those errors that affect the entire trial's framework, "rather than mere errors in the trial process itself," and "include a complete denial of counsel, denial of self-representation at trial, trial before a biased judge, denial of a public trial, racial discrimination in the selection of a grand jury, and a defective reasonable doubt instruction." *Id.* ¶ 29. While this list of structural errors is not comprehensive, we look to the types of errors that have been determined to be structural to determine whether the claimed error is comparable. *Id.* ¶ 30.

¶ 27　　　　Here, respondent contends the absence of proper admonitions regarding his right to a jury trial and the acceptance of his guilty plea, which was made without knowing he was entitled to a jury trial under the EJJ statute, rendered his guilty plea invalid. While acknowledging his right to a jury trial was statutory, not constitutional, respondent argues his

invalid jury waiver was a structural error that can be reviewed as second-prong plain error.

¶ 28    The supreme court has held, in the adult criminal context, the deprivation of the fundamental right to a trial by jury is a structural error. *People v. Glasper*, 234 Ill. 2d 173, 192-93 (2009). However, a juvenile's right to a trial by jury is statutory, rather than constitutional, and it is not a fundamental right. *Destiny P.*, 2017 IL 120796, ¶ 14 n.1. As an error that does not involve a fundamental right or a constitutional protection, it is subject to harmless-error analysis. See *Glasper*, 234 Ill. 2d at 194 (holding that the violation of a supreme court rule was harmless error). Here, as the failure to admonish respondent of his statutory right to a jury trial was not the denial of a fundamental or constitutional right, it is subject to harmless-error analysis, so his forfeiture cannot not be excused as second-prong plain error. See *United States v. Gonzalez-Lopez*, 548 U.S. 140, 148 (2006) (describing structural errors as those that defy harmless error standards); see also *People v. Averett*, 237 Ill. 2d 1, 14 (2010) ("Structural errors are not subject to harmless-error review.").

¶ 29    As we find respondent's forfeiture cannot be excused under the plain-error doctrine, we address respondent's claim that we should reach the forfeited error in the context of ineffective assistance of counsel. Respondent contends his counsel was ineffective for allowing him to unknowingly waive his right to a trial by jury and for failing to preserve the jury waiver issue in the motions to withdraw his guilty plea. A claim of ineffective assistance of counsel is governed by the familiar two-pronged test established in *Strickland v. Washington*, 466 U.S. 668 (1984). Under *Strickland*, a defendant must show his counsel's performance fell below an objective standard of reasonableness and the defendant was prejudiced by counsel's deficient performance. *Id.* at 688, 692. We find the prejudice prong to be determinative, so we will assume without deciding that counsel's performance was deficient and proceed to the prejudice analysis.

See *People v. Cherry*, 2016 IL 118728, ¶ 24 (holding a defendant must establish both prongs of the *Strickland* test to prevail, and the failure to establish either prong precludes a finding of ineffective assistance of counsel).

¶ 30        To show prejudice in the context of a guilty plea, the defendant " 'must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.' " *People v. Brown*, 2017 IL 121681, ¶ 26 (quoting *Hill v. Lockhart*, 474 U.S. 52, 59 (1985)). To show such prejudice, it is not sufficient for the defendant to make a conclusory allegation he would not have pleaded guilty and would have demanded a trial. *Id.* In other words, the defendant " 'must convince the court that a decision to reject the plea bargain would have been rational under the circumstances.' " *People v. Valdez*, 2016 IL 119860, ¶ 29 (quoting *Padilla v. Kentucky*, 559 U.S. 356, 372 (2010)).

¶ 31        Respondent contends he would not have pleaded guilty if he had known he had a right to a jury trial. He argues the record supports this contention when he said, "[T]he only reason I'm not going to trial is because it's under y'all." Our careful review of the record, however, undermines respondent's claim he would have demanded a trial if he knew he was entitled to a jury trial. Rather, the record indicates respondent's overriding interest was to be released from custody that day. During the colloquy with the trial court regarding the plea, the court explained respondent did not have to plead guilty and could demand a trial. However, when the court informed respondent he would not be released on home confinement if he demanded a trial, respondent clearly chose to plead guilty so he could walk out of court that day. As respondent has not shown a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and insisted upon a jury trial, while remaining in custody, he has not shown the prejudice necessary to prevail on a claim of ineffective assistance of counsel on direct appeal.

¶ 32                                C. One-Act, One-Crime

¶ 33          Respondent contends his delinquency adjudication in case No. 23-JD-54 was

based upon his guilty plea to two offenses, unlawful possession of a stolen vehicle and theft, that

were based upon the same physical act of possessing a single vehicle. Respondent contends this

violates the one-act, one-crime rule and this court should vacate one of the delinquency findings.

Respondent does not challenge his separate adjudication as delinquent for the offense of criminal

trespass to vehicles (case No. 23-JD-69), which was based on a different act on a different date.

Respondent admits he did not preserve the error but contends it is reviewable as plain error.

¶ 34          Violations of the one-act, one-crime rule are reviewable as second-prong plain-

error. See *People v. Coats*, 2018 IL 121926, ¶ 10 ("[O]ne-act, one-crime violations fall within

the second prong of the plain-error doctrine as an obvious error so serious that it challenges the

integrity of the judicial process."); see also *In re Samantha V.*, 234 Ill. 2d 359, 378-79 (2009)

("[I]t is well established that a one-act, one-crime violation affects the integrity of the judicial

process, thus satisfying the second prong of the plain-error test."). Under the one-act, one-crime

rule, a criminal defendant may not be convicted of multiple offenses when those offenses are all

based on precisely the same physical act. *Coats*, 2018 IL 121926, ¶ 11. The one-act, one-crime

rule applies to juvenile delinquency adjudications. *Samantha V.*, 234 Ill. 2d at 375. Whether a

violation of the one-act, one-crime rule has occurred is a question of law, which is reviewed

*de novo*. *Coats*, 2018 IL 121926, ¶ 12.

¶ 35          The State concedes, and we agree, the adjudication in case No. 23-JD-54, finding

respondent delinquent for the offenses of unlawful possession of a stolen vehicle and theft,

violates the one-act, one-crime rule. Thus, the sentence should be imposed on the more serious

offense and the less serious offense should be vacated. *People v. Artis*, 232 Ill. 2d 156, 170

(2009). In determining which offense is more serious, a reviewing court compares the relative punishments as dictated by statute. *Id.* As charged, the crime of unlawful possession of a stolen vehicle is a Class 2 felony under the Illinois Vehicle Code and requires proof that a person who is not entitled to possession of a vehicle possessed the vehicle, knowing it was stolen. 625 ILCS 5/4-103(a)(1), (b) (West 2022). Theft, as charged in this case, is a Class 2 felony under the Criminal Code of 2012 and requires proof that a person knowingly obtained or exerted unauthorized control over the property of another, intending to deprive the owner permanently of the use of the property. 720 ILCS 5/16-1(a)(1)(A), (b)(5) (West 2022). As both are Class 2 felonies, with identical punishments, we consider which offense has the more culpable mental state. See 730 ILCS 5/5-4.5-35 (West 2024); *Artis*, 232 Ill. 2d at 170 (holding that when offenses have identical classifications, the court may determine the more serious offense is the one with the more culpable mental state). The State contends theft, which requires knowledge and intent, is the more serious offense when compared to unlawful possession of a stolen vehicle, which requires knowledge the vehicle was stolen. Respondent accepts that assessment.

¶ 36 We find respondent satisfied his burden to show that plain error occurred in this case. The trial court violated the one-act, one-crime rule when it adjudicated respondent delinquent of both offenses and sentenced him on both offenses. See *Samantha V.*, 234 Ill. 2d at 378 (finding the trial court violated the one-act, one-crime rule by failing to merge two findings of guilt for aggravated battery based on the same conduct). Accordingly, we modify respondent's adjudicatory and sentencing orders to vacate the adjudication of delinquency and associated sentence for unlawful possession of a stolen vehicle in case No. 23-JD-54. See *People v. Price*, 221 Ill. 2d 182 194-5 (2006) (vacating the conviction and sentence for one of two equal offenses on the suggestion of the State when defendant expressed no preference).

¶ 37                           III. CONCLUSION

¶ 38          For the reasons stated, we modify respondent's adjudicatory and sentencing

orders in case No. 23-JD-54 and otherwise affirm the judgment of the trial court.

¶ 39          Affirmed as modified.